No. 12559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MRS. GLENN BUSH,

Defendant and Appellant.

Appeal from:  District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Garnaas, Hall, Riley and Pinsoneault, Missoula,
Montana
J. Robert Riley argued, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. C. Weingartner, Deputy Attorney General, appeared,
Helena, Montana
Douglas G. Harkin, County Attorney, argued, Hamilton,
Montana

Submitted:  January 17, 1974

Decided: FEB 19 1974

Filed: FEB 19 1974

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

Defendant was convicted in the justice court of Ravalli County of assault in the third degree. On March 23, 1973, the justice court imposed a penalty consisting of a fine in the amount of $150 and 60 days in the county jail. The jail sentence was suspended. Following the imposition of sentence defendant filed a written notice of appeal to the district court of the fourth judicial district, in and for the county of Ravalli. Defendant did not post an appeal bond.

The Ravalli county attorney moved to have the appeal dismissed on the grounds that defendant's failure to post a bond meant that the appeal had not been perfected. On May 11, 1973, the motion to dismiss was heard by the district court, Judge E. Gardner Brownlee, presiding. The district court dismissed defendant's appeal from the justice court decision for the reason that defendant did not furnish the required bond. Defendant appeals to this Court from the district court's dismissal.

The sole issue presented for review is whether an appeal bond is necessary to perfect an appeal from the justice court to the district court.

Section 95-2009, R.C.M. 1947,governs appeals from the justice of the peace court to the district court and provides in part:

" * * *

"(b) The defendant may appeal to the district court by giving written notice of his intention to appeal within ten days (10) days (sic) after judgment.

"(c) * * * It shall be the duty of the defendant to perfect the appeal."

The Revised Commission Comment to section 95-2009, R.C.M. 1947, indicates that the burden is on the defendant to perfect an appeal from the justice court and specifically states: "This burden is sustained when the defendant has posted the requisite bond * * *". This language indicates an intent to require bond as a part of perfecting an appeal from the justice court to the district court.

Furthermore, since the code was adopted as one comprehensive piece of legislation it should be considered in its entirety to determine the

- 2 -

effect of any one section. In the instant case the sections on bail are most relevant. Section 95-1109, R.C.M. 1947, admits to bail as a matter of right a defendant who has been convicted in justice court and who intends to appeal. Section 95-1118, R.C.M. 1947, imposes as a condition of admission to bail after conviction the due prosecution of the appeal. The state maintains that the legislature was thinking of section 95-1118, R.C.M. 1947, when it enacted section 95-2009, R.C.M. 1947, thus giving the justice of the peace broad discretion in determining whether or not to require a bond on appeal.

After reading the above-cited statutes together and the Revised Commission Comment, it is this Court's opinion that an appeal from the justice court to the district court is perfected when the defendant has posted the required bond, in addition to the other requirements. Since in this case defendant refused to post a bond when requested by the justice of the peace, the appeal was not perfected, and the district court properly dismissed the appeal on the state's motion.

Accordingly, the district court's dismissal of defendant's appeal is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices