No. 13262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

JOHN S. FORSYTHE,

Petitioner and Respondent,

-vs-

ALICE WENHOLZ, Justice of the Peace
in Department #1, In and For the County
of Rosebud,

Respondent and Appellant.

_____

Appeal from: District Court of the Sixteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

William F. Meisburger argued, Forsyth, Montana

For Respondent:

John S. Forsythe argued, Forsyth, Montana

_____

Submitted: September 8, 1976

Decided: OCT - 5 1976

Filed: OCT - 5 1976

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by Alice Wenholz, Justice of the Peace in Department No. 1, in and for the County of Rosebud, from an order of the district court requiring her to reinstate a judgment and penalty previously imposed in a criminal misdemeanor case.

The case arises from an action brought in the justice court entitled "State of Montana v. Stanley Brian Johnson". Mr. Johnson was found guilty of driving while intoxicated by jury verdict in the justice court, Department No. 1, County of Rosebud. After trial, Johnson filed a motion for a new trial, pursuant to section 95-2101, R.C.M. 1947. The justice of the peace, appellant here, took the motion under advisement, ruled in favor of Johnson and dismissed the charge against him. The dismissal was granted under the authority of section 95-2101(c)(3), which states:

> "(c) Alternative Authority of the Court on Hearing Motion for New Trial. On hearing the motion for a new trial, if justified by the law and the weight of the evidence, the court may:
>
> "* * *
>
> "3. Modify or change the verdict or finding by finding the defendant guilty of a lesser degree of the crime charged, finding the defendant guilty of a lesser included crime or finding the defendant not guilty."

Thereafter, Rosebud County Attorney John S. Forsythe, respondent here, filed a "Petition for Writ of Mandate and Writ of Supervisory Control" in the district court, seeking, inter alia, reinstatement of the justice court jury's guilty verdict in the case of State v. Stanley Brian Johnson. Forsythe alleged the

defendant Johnson's exclusive remedy for alleged errors in the justice court trial was an appeal for a trial de novo in the district court pursuant to the terms of section 95-2009, R.C.M. 1947.

The district court limited its review to the question of whether section 95-2101 applies to justice of the peace courts, and ruled that it does not. On January 5, 1976, the judgment and penalty of the justice court in the case of State v. Stanley Brian Johnson were ordered reinstated. Wenholz appeals.

The issue on appeal is whether a justice of the peace court has the jurisdiction to dismiss an action under the new trial provisions of section 95-2101, R.C.M. 1947.

Appellant advances two principal arguments to sustain her position: (1) that the word "court" in section 95-2101 includes justice of the peace courts; and (2), that if a section 95-2009, R.C.M. 1947, appeal is the exclusive remedy for a new trial in justice of the peace courts, then a serious inequity to justice court defendants arises.

Section 95-2101 refers four times to the "court". Nothing on the face of the statute indicates which courts are within its scope. In the Code of Criminal Procedure, Title 95, R.C.M. 1947, "court" is defined as "a place where justice is judicially administered and includes a judge thereof." Section 95-205. A "judge" is defined as "a person who is invested by law with the power to perform judicial functions and includes court, justice of the peace or police magistrate when a particular context so requires." Section 95-206. (Emphasis supplied.) With respect to appellant's first argument, the task is to determine

whether the particular context of section 95-2101 requires that "court" be read to include justices of the peace.

Initially, we note this Court in State v. Bush, 164 Mont. 81, 518 P.2d 1406, stated:

> "* * * since the code [of criminal procedure] was adopted as one comprehensive piece of legislation it should be considered in its entirety to determine the effect of any one section."

The district court was correct in excluding justices of the peace from the purview of section 95-2101 because the particular context of that section in Montana's Code of Criminal Procedure clearly requires a different meaning than that propounded by the appellant. Section 95-201, R.C.M. 1947. Chapter 20, Title 95, R.C.M. 1947 "Justice and Police Court Proceedings", was accompanied by a Criminal Law Commission Comment which states in part:

> "This Chapter includes only those sections which are peculiar or apply exclusively to justice and police courts. * * *"

In Chapter 20, the only post-trial relief afforded is an appeal to the district court for a trial de novo. Section 95-2009, R.C.M. 1947.

It would be anomalous to expressly provide for a trial anew in the district court under section 95-2009 and at the same time infer the right to a trial anew in the justice court under section 95-2101. This inconsistency is demonstrated by the fact that under section 95-2009(b) the defendant is given ten days to file notice of appeal, while under section 95-2101 (b)(2) the defendant is given thirty days to file a motion for a new trial. Surely a defendant in justice court could not allow his appeal time to lapse and still be afforded the remedy of a new trial in the same court.

In City of Billings v. Smith, 158 Mont. 197, 212, 490 P. 2d 221, this Court stated:

> "Where statutes relate to the same general subject they should be so construed together, where there is no inconsistency between them, so as to give effect to both where possible. * * * All acts relating to the same subject, or having the same general purpose as the statute being construed, should be read in connection with such statute. * * * Statutes passed at the same time, and relating to the same general subject are to be construed together and both given effect if possible. * * *."

Under these principles of statutory construction, we decline to construe section 95-2101 in the manner urged by appellant. The district court properly held that section 95-2009 is a justice court defendant's exclusive remedy for a new trial.

Appellant's second attack is that the exclusive remedy of appeal pursuant to section 95-2101 is inequitable to justice court defendants. In particular, it is alleged that there was extensive prosecutorial misconduct in the justice court trial and defendant Johnson should not be compelled to bear the expense of a trial de novo in district court to correct the errors of the prosecution. It is further alleged that denial of defendant's access to the new trial procedure of section 95-2101 is a denial of equal justice to justice court defendants vis-a-vis district court defendants. No authority is cited for these propositions, and we reject them.

Any defendant convicted in justice court has the full benefit of a new trial in district court. Compare: Bailey v. State, 163 Mont. 380, 383, 517 P.2d 708, where the appeal procedure of section 95-2009, R.C.M. 1947, was described as "a plain, speedy and adequate remedy at law." Appellant's arguments regarding additional costs and personal involvement in a district court trial de novo are not persuasive.

The order of the district court of January 5, 1976, is
affirmed.

_____
Justice

We concur:

_____
Chief Justice.

_____

_____
Justices.

- 6 -