MR. JUSTICE DALY,
delivered the opinion of the court.
A criminal complaint was filed May 17, 1976, in the district court, Lewis and Clark County, charging defendant Elone Elaine Cool with the crime of theft, a felony, in violation of section 94-6-302(l)(a), R.C.M. 1947.
The trial commenced November 8, 1976 and at the close of the state’s case-in-chief, the defense moved for acquittal alleging the state failed to prove a prima facie case against defendant. That motion was denied. The defense went forward with its case and at the close of all evidence made a motion for a directed verdict of acquittal for the reason the evidence as presented by the state was insufficient as a matter of law to allow it to go to the jury. The judge granted that motion and dismissed the case.
The state filed a notice of appeal on November 10, 1976. On April 20, 1977, defendant’s counsel filed a motion to dismiss the appeal on the grounds it violated the double jeopardy clause, Fifth Amendment, United States Constitution, and on May 18, 1977, counsel filed an amended motion to dismiss the appeal adding the ground that this Court lacked jurisdiction to hear the state’s appeal.
The controlling question here is whether this Court has jurisdiction to hear the state’s appeal of a district court’s judgment of acquittal.
Section 95-2403, R.C.M. 1947, controls the appeals the state may take in a criminal proceeding, it provides:
*101 “Scope of appeal, (a) Except as authorized by this code, the state may not appeal in a criminal case.
“(b) The state may appeal from any court order or judgment the substantive effect of which results in:
“(1) dismissing a case;
“(2) modifying or changing the verdict as provided in section 95-2101(c)(3);
“(3) granting a new trial’
“(4) quashing an arrest or search warrant;
“(5) suppressing evidence;
“(6) suppressing a confession or admission; or
“(7) granting or denying change of venue.”
Here the state contends the state of Montana has a statutory right to appeal under section 95-2403(b)(l). It argues the district court’s ruling was in fact a dismissal. Defendant argues this was a motion for acquittal and such a motion does not constitute a dismissal of the case as contemplated in section 95-2403(b)(l).
We find no merit in the state’s argument in relation to section 95-2403(b)(l), because subsection (b)(1) simply does not apply to the instant fact situation, no matter how the state tortures the language used by the district court. The court very clearly and with precision informed the state in reference to the evidence: “I am just saying that it’s insufficient.” There can be no question from the record before this Court that the district court’s dismissal was an acquittal in substance as well as form.
The United States Supreme Court in United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 and Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629, emphasized that what constitutes an acquittal is not to be controlled by the form of the judge’s action. Rather, this Court must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.
This Court in State v. Peck, 83 Mont. 327, 330, 271 P. 707, *102 stated that statutes granting the right of appeal to the state in criminal actions must be strictly construed and the right limited to the instances mentioned; if the right is not clearly and unequivocably conferred, an action does not lie, nor can the right, if conferred, be enlarged by construction of the statute.
In an early Montana case, Territory of Montana v. Laun, 8 Mont. 322, 20 P. 652, the district court directed the jury to find a verdict of acquittal and the state appealed contending that the action was in effect a dismissal of the case and thus appealable under the precursor to section 95-2403. This Court disagreed stating that an acquittal is not appealable by the state. This rule is still the law in Montana.
'Perhaps the most fundamental rule in the history of criminal jurisprudence has been that a verdict of acquittal cannot be reviewed, on error or otherwise, without putting a defendant twice in jeopardy and therefore violating the Fifth Amendment, United States Constitution. United States v. Ball, supra. The due process clause of the Fifth Amendment has been applied to the states through the Fourteenth Amendment to the United States Constitution. In Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707, the United States Supreme Court stated;
“* * * the double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and that it should apply to the States through the Fourteenth Amendment.”
See also: United States v. Martin Linen Supply Co., _U.S. _, 97 S.Ct.1349, 51 L.Ed2d 642 (1977).
For the foregoing reasons defendant’s amended motion to dismiss the state’s appeal is granted.
MR. CHIEF JUSTICE HATFIELD, and JUSTICES HASWELL and HARRISON, concur.