No. 14973

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

CHARLES SANCHEZ,

Defendant and Respondent.

Appeal from:   District Court of the Sixteenth Judicial District,
               Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

   For Appellant:

      Hon. Mike Greely, Attorney General, Helena, Montana
      John S. Forsythe, Forsyth, Montana

   For Respondent:

      Clarence T. Belue, Hardin, Montana

                              Submitted on briefs: February 27, 1980

                                    Decided: APR 3 0 1980

Filed: APR 3 0 1980

Thomas J. Kearney
                                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order entered in Rosebud County District Court dismissing the State's appeal of this cause from justice court. The sole issue presented for review is whether the State may appeal a dismissal order of a justice court pursuant to section 46-20-103, MCA?

Charles Sanchez was brought to trial in Rosebud County Justice Court on June 6, 1979 on misdemeanor charges of reckless driving and obstructing a peace officer. Sanchez entered a plea of guilty to the reckless driving charge but went to trial on the remaining charge. On the second day of trial the justice of the peace granted Sanchez's motion to dismiss, discharged the jury and released Sanchez.

The State sought to appeal the justice court dismissal by a trial de novo in District Court. A show cause hearing was held on June 27, 1979. Subsequently on July 12, 1979, the District Court issued an order denying the State's right of appeal on the grounds that the State had no statutory authority to appeal a dismissal in a criminal case.

On July 19, 1979, an attempt was made to refile the charge in justice court. The justice court dismissed the complaint on double jeopardy grounds.

On August 8, 1979, the State filed a petition in this Court for a writ of supervisory control directing the filing of the requested information. The petition was denied on September 4, 1979 for the reason "the remedy by appeal is plain, speedy and adequate" thus precluding issuance of an extraordinary writ.

The State now appeals from the July 12, 1979 dismissal order of the District Court.

-2-

Solution of the issue presented for our review is found in the 1972 Mont. Const. Art. VII, §4, which delineates the jurisdiction of district courts. Subsection 2 states in part: "The district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law.. . ."

Turning to Title 46, the Criminal Procedure Title of the Montana Codes Annotated, and in particular, chapter 17 concerning lower court proceedings, we find part 3 entitled "Procedure After Trial--Justices' and City Courts." Section 46-17-311, MCA, states:

> "Appeal. (1) All cases on appeal from justices' or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges.
>
> "(2) The defendant may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment.
>
> "(3) Within 30 days, the entire record of the justice's [sic] or city court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the defendant to perfect the appeal."

However, as we shall see, this statute is applicable only to appealing defendants and does not grant the State an appeal.

In the present case, it appears the cause was dismissed in justice court pursuant to defendant's motion which was premised on denial of defendant's constitutional right to compel witnesses to testify on his behalf in accordance with 1972 Mont. Const. Art. II, §24. A witness subpoenaed by both parties testified for the prosecution but failed to appear for the defense. As previously noted the District Court dismissed the State's appeal for lack of jurisdiction, and we agree.

Appellant argues that this appeal is not brought pursuant to section 46-17-311, the trial de novo statute, but pursuant

-3-

to section 46-20-103(2)(a) instead which provides:

> "Scope of appeal by state. (1) Except as otherwise specifically authorized, the state may not appeal in a criminal case.
>
> "(2) The state may appeal from any court order or judgment the substantive effect of which results in:
>
> "(a) dismissing a case;"

Statutes granting the right of appeal to the state in criminal actions must be strictly construed and limited to the instances mentioned. State v. Hagerud (1977), 174 Mont. 361, 366, 570 P.2d 1131, 1134; State v. Cool (1977), 174 Mont. 99, 102, 568 P.2d 567, 568; State v. Peck (1928), 83 Mont. 327, 330, 271 P. 707, 708.

Although the statutes in question are not identical to those concerned within the immediate case, we find the reasoning in Forsythe v. Wenholz (1976), 170 Mont. 496, 554 P.2d 1333 applicable to the instant case. In that case we stated:

> "Initially, we note this Court in State v. Bush, 164 Mont. 81, 518 P.2d 1406, stated:
>
> "' . . . since the code [of criminal procedure] was adopted as one comprehensive piece of legislation it should be considered in its entirety to determine the effect of any one section.'
>
> "The district court was correct in excluding justices of the peace from the purview of section 95-2101 because the particular context of that section in Montana's Code of Criminal Procedure clearly requires a different meaning than that propounded by the appellant, Section 95-201, R.C.M. 1947. Chapter 20, Title 95, R.C.M. 1947 'Justice and Police Court Proceedings', was accompanied by a Criminal Law Commission Comment which states in part:
>
> "'This Chapter includes only those sections which are peculiar or apply exclusively to justice and police courts.. . .'
>
> "In Chapter 20, the only post-trial relief afforded is an appeal to the district court for a trial de novo. Section 95-2009, R.C.M. 1947." [Now section 46-17-311, MCA]. Forsythe, 170 Mont. at 498-99, 554 P.2d at 1334-35.

-4-

Section 46-20-103, MCA, when taken in context with all of the sections and provisions of Title 46 and considered in light of how the original code of criminal procedure was arranged and adopted, leads us to conclude that the scope of the section applies only to Montana district courts and not to justice courts. As a result the State has no right to appeal the final decision of a justice court in a criminal case, whether it be pursuant to section 46-20-103, MCA, or section 46-17-311, the trial de novo statute. State v. Bush (1974), 164 Mont. 81, 518 P.2d 1406, applies only to interlocutory orders of the justice court.

The decision of the District Court is affirmed.

_____
                Justice

We Concur:

_____
        Chief Justice


_____


_____
            Justices