No. 84-317

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

MICHAEL ADAIR, DEE ANNA JOSEPH,

        Plaintiffs and Appellants,

   -vs-

LAKE COUNTY JUSTICE COURT,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Lake,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael Adair, pro se, Polson, Montana

    For Respondent:

        John Frederick, County Attorney, Polson, Montana

---

Submitted on briefs: Sept. 26, 1984

Decided: December 4, 1984

Filed: DEC - 4 1984

*Ethel M. Harrison*

---
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by Michael Adair and Dee Anna Joseph from the Justice of the Peace, Charles Meyer, County of Lake, State of Montana.

This case arises from an action brought in the justice court on May 3, 1984, wherein Adair was found guilty by a jury of:

(i) operating a motor vehicle without proof of insurance in vehicle, a misdemeanor;

(ii) operating a motor vehicle while license was suspended or revoked, a misdemeanor; and

(iii) operating a motor vehicle while under the influence of an intoxicating liquor and/or drugs.

Adair was fined $350 and was given six months in the Lake County Jail with all but four days suspended on the condition that he have no further violations.

On appeal, Adair alleges the justice court erred in convicting him of operating a motor vehicle while his license was suspended. Adair contends that the conviction for suspension of his license should have been stayed until a decision on the motor vehicle operation without proof of insurance conviction was rendered by the District Court.

Appellants also appeal their $350 fine and sentence imposed from a conviction for operating a motor vehicle while under the influence of intoxicating liquor.

We hold the Supreme Court does not have appellate jurisdiction to review orders of the justice court. Section 46-17-311, MCA, governs the procedure on appeal from justice courts:

> "46-17-311. Appeal. (1) All cases on appeal from justices' or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges. . . "

An appeal to the District Court for a trial de novo is appellants' exclusive remedy for review of justice court's proceedings. Forsythe v. Wenholz (1976), 170 Mont. 496, 554 P.2d 1333; Hardin v. Myers (Mont. 1981), 633 P.2d 677, 38 St.Rep. 1512.

Accordingly, the appellants may appeal the judgment of the justice court to the District Court pursuant to the statutory notice of appeal as provided in section 46-17-311(2), MCA, within ten days after the remittitur of this Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

3