No. 87-27

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

    Plaintiff and Respondent,

    -vs-

DARREL JAMES KESLER,

    Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
             In and for the County of Gallatin,
             The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jeannette Ellen Berry, Helena, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John Paulson, Asst. Atty. General, Helena, Montana
        A. Michael Salvagni, County Attorney, Bozeman, Montana
        Marty Lambert, Deputy County Attorney, Bozeman

                    Submitted on Briefs:  June 25, 1987

                        Decided:  September 1, 1987

Filed:  SEP 1 - 1987

                    _Ethel M. Harrison_
_____
                Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Darrel James Kesler appeals a Gallatin County District Court judgment finding him guilty of driving while under the influence of alcohol in violation of § 61-8-401, MCA. The sole issue on appeal is whether the District Court has appellate jurisdiction to review a Justice Court order suppressing evidence. We affirm.

On November 24, 1985, Darrel James Kesler was arrested and charged with the offense of driving while under the influence of alcohol in violation of § 61-8-401, MCA. Kesler entered a plea of not guilty in Gallatin County Justice Court on December 3, 1985. The Justice Court set the pretrial conference for March 24, 1986, and ordered that all pretrial motions be filed twenty days prior to the conference. Trial in Justice Court was set for April 8, 1986.

On February 14, 1986, Kesler moved to dismiss the complaint on the grounds that the State had failed to make the arresting officer's report available in accordance with a local Justice Court rule. The Justice Court rule requires that the State provide discovery within sixty days of a "not guilty" plea. The arresting officer of the Montana Highway Patrol did not prepare a formal report until sometime in February of 1986. The State received the report on February 14, 1986, and defense counsel received a copy on February 19, 1986.

The Justice Court heard Kesler's motion to dismiss on March 5, 1986. In its memorandum and order of March 7, 1986, the Justice Court denied the motion to dismiss and ordered instead that any evidence from the arresting officer be suppressed. On March 12, 1986, the State appealed the Justice Court suppression order to the Gallatin County

District Court pursuant to §§ 46-17-311(2), MCA, and 46-20-103(2)(e), MCA.

On June 6, 1986, Kesler filed a motion in District Court to affirm the Justice Court suppression order. The District Court denied this motion and stated that "[i]t has been the long-standing rule in Montana that district courts do not have supervisory or appellate reviewing powers over justice courts." The District Court set trial for September 12, 1986. Kesler then applied for a writ of supervisory control to this Court on September 9, 1986, therein alleging the same issue as presented by this appeal. This Court denied Kesler's application.

Prior to trial, Kesler moved to dismiss on the grounds that the District Court had appellate jurisdiction only and that Justice Court sanctions against the State are not appealable within the meaning of the statutes. The District Court denied both motions. On September 12, 1986, a Gallatin County jury found Kesler guilty of driving while under the influence of alcohol. The District Court later sentenced Kesler to twenty-four hours in the Gallatin County Detention Center and a $300 fine. The District Court also ordered that Kesler's driver's license be suspended for six months and that he attend the court's alcohol and drug abuse school. This appeal followed.

Kesler argues on appeal that the District Court should have assumed appellate jurisdiction and reviewed only the Justice Court suppression order. A trial de novo, Kesler argues, is not within the District Court's appellate jurisdiction under the circumstances presented by this case. However, Kesler's arguments overlook the clear statutory language of § 46-17-311, MCA, which provides the following in pertinent part:

> (1) <u>All cases</u> on appeal from justices'
> or city courts <u>must be tried anew</u> in the
> district court . . .
>
> (2) A party may appeal to the district
> court by giving written notice of his
> intention to appeal within 10 days after
> judgment, except that the state may only
> appeal in the cases provided for in
> 46-20-103.

Section 46-20-103, MCA, provides:

> (1) Except as otherwise specifically
> authorized, the state may not appeal in a
> criminal case.
>
> (2) The state may appeal from any court
> order or judgment the substantive effect
> of which results in:
>
> . . .
>
> (e) suppressing evidence;
>
> . . . .

In addition, the Montana Constitution provides that "[t]he district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law." Mont. Const. art. VII, § 4(2), Mont. Const. Finally, § 25-33-301(1), MCA, states that "[a]ll appeals from justices' or city courts must be tried anew in the district court . . . "

Kesler contends that subsections (1) and (2) of § 46-17-311, MCA, are ambiguous in that the former subsection requires trial de novo and the latter subsection makes reference to a statute, § 46-20-103, MCA, that does not contemplate trial de novo. Kesler reasons that § 46-20-103, MCA, pertains specifically to district court appeals to this Court and is designed solely to trigger interim appellate review. He concludes by asserting that this ambiguity should be settled in his favor to reverse his conviction.

4

We find that the statutes in question are not ambiguous as applied to the circumstances of this case. Section 46-20-103, MCA, merely lists those general instances in which the State may undertake an appeal from a lower court to a higher court. Nothing in the statute can be construed to prohibit trial de novo in a court of competent jurisdiction. In this case, the District Court was specifically vested with jurisdiction for a trial de novo on an appeal from Justice Court by § 46-17-311(1), MCA, § 25-33-301(1), MCA, and by art. VII, § 4(2), of the Montana Constitution.

Assuming arguendo that there is some ambiguity between § 46-17-311, MCA, and § 46-20-103, MCA, defendant has not convinced us that the legislature intended to prohibit a trial de novo when it amended the former statute to include the cross-reference to the latter statute. The legislative history of the 1985 amendment reveals that the intent of the legislature was to overrule this Court's decision in State v. Sanchez (1980), 187 Mont. 434, 438, 610 P.2d 162, 164, wherein we held that "the State has no right to appeal the final decision of a justice court in a criminal case. . . ."

Section 46-17-311(2), MCA, as amended, now permits the State to appeal justice court orders and judgments in certain circumstances. The clear intent of § 46-17-311(1), MCA, is to require a trial de novo in district court on all appeals from justice court. The legislature could have prohibited a trial de novo in district court by amending subsection (1) of § 46-17-311, MCA. The legislature did not prohibit trial de novo when it amended the statute and we will not judicially amend the statute to create such a prohibition.

Kesler asserts that the Justice Court's grounds to suppress evidence does not allow a similar motion to suppress to be made in the District Court. For that reason, he apparently chose not to move to suppress any evidence in the

District Court, but rather sought to have the Justice Court suppression order affirmed. Without ruling on the propriety of the Justice Court's suppression of evidence in this case, we recognize that a motion to suppress evidence can be asserted at either the justice court or the district court level if a defendant's constitutional rights have in fact been violated. If Kesler had sufficient constitutional grounds to move for suppression of evidence in Justice Court, those grounds could have been reasserted in District Court in a new motion to suppress. We note here that Kesler did not move for suppression of evidence in either Justice Court or District Court. The Justice Court chose to suppress evidence on its own initiative rather than to dismiss the complaint as Kesler requested.

Kesler also contends that the effect of a trial de novo in this case is to deprive him of his constitutional due process and equal protection rights. He argues that the State's appeal to District Court serves to avoid the consequences of the Justice Court suppression order. Kesler's argument in this regard is without merit. On the one hand, Kesler alleges that his constitutional rights were violated by the State's failure to provide a nonexistent report in the time prescribed by the Justice Court rule. On the other hand, Kesler failed to move to suppress the report in either Justice Court or District Court. As previously discussed, Kesler could have moved to suppress this evidence in District Court had he constitutional grounds to do so. Kesler made no such motion and the constitutionality issue is not properly before us on this appeal.

We again emphasize that a criminal case on appeal from justice court to district court must be tried anew in the district court pursuant to § 46-17-311, MCA, regardless of which party appeals. Accord State v. Waymire (Mont. 1987),

6

___ P.2d ___, 44 St.Rep. 759; Adair v. Lake County Justice Court (Mont. 1984), 692 P.2d 13, 41 St.Rep. 2241. Accordingly, we hold that a district court does not have appellate jurisdiction to review a justice court order suppressing evidence. Nothing in this opinion should be construed to expand or limit the scope of the State's right to appeal as set forth in § 46-20-103(2), MCA.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7