No. 91-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

CITY OF BILLINGS,

      Plaintiff and Respondent,

  -vs-

BRIEN PANASUK,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone,
                 The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Robert L. Stephens, Jr.; R. L. Stephens, P.C.,
          Billings, Montana

      For Respondent:

          Mary Jane McCalla, Prosecutor, City Attorney's
          Office, Billings, Montana


                    Submitted on Briefs:  April 15, 1992

                              Decided:  June 9, 1992

    Filed:

FILED

JUN - 9 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

                              Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the Thirteenth Judicial District, Yellowstone County. Appellant and Defendant, Brien Panasuk (Panasuk) challenges the jurisdiction of the City Court of Billings to hear and determine criminal public nuisance charges brought under §§ 45-8-111(1)(a) and (b), MCA. The District Court held that the City Court did have jurisdiction. We affirm.

The sole issue for our review is whether or not the City Court has jurisdiction to hear and determine criminal public nuisance charges for violation of §§ 45-8-111(1)(a) and (b), MCA.

The City of Billings filed, in City Court, four complaints; one alleging that Panasuk violated § 45-8-111(1)(a), MCA, and three alleging violation of § 45-8-111(1)(b), MCA. Panasuk operates an after hours club that caters to under age patrons. The charges allege Panasuk knowingly maintained an area, the parking lot adjacent to his club, where persons gathered for the purpose of engaging in unlawful conduct. Unlawful conduct cited in the complaints include: shootings, a stabbing, disturbances, curfew violations, criminal mischief, criminal misdemeanors, numerous open container violations and misdemeanor possession of liquor.

The City Court concluded that it had jurisdiction and subsequently imposed fines on each of the complaints. In addition, the City Court sentenced Panasuk to six months in the county jail which was suspended on conditions. Panasuk appealed to the District Court challenging the City Court's jurisdiction over the matter. The District Court upheld the City Court's jurisdiction,

2

relying on § 3-11-102, MCA, which grants the City Court jurisdiction over misdemeanors.

Section 45-8-111, MCA, the section under which Panasuk was charged, provides in relevant part:

> **45-8-111. Public nuisance.** (1) "Public nuisance" means:
> (a) a condition which endangers safety or health, is offensive to the senses, or obstructs the free use of property so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood or by any considerable number of persons;
> (b) any premises where persons gather for the purpose of engaging in unlawful conduct; or
>
> (6) A person convicted of maintaining a public nuisance shall be fined not to exceed $500 or imprisoned in the county jail for a term not to exceed 6 months, or both. Each day of such conduct constitutes a separate offense.

The penalty imposed in sub-section 6 makes violation of § 45-8-111, MCA, a misdemeanor. See § 45-2-101(36), MCA.

Section 46-2-203, MCA, provides the City Court criminal jurisdiction as authorized by § 3-11-102, MCA. Section 3-11-102(1), MCA, provides:

> **3-11-102. Concurrent jurisdiction.** (1) The city court has concurrent jurisdiction with the justice's court of all misdemeanors and proceedings mentioned and provided for under chapter 10, part 3, of this title.

Chapter 10, part 3, of this title, as referenced above, includes:

> **3-10-303. Criminal jurisdiction.** ...
> (1) jurisdiction of all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding 6 months or both such fine and imprisonment: . . .

Following these statutes, it is clear that City Court has jurisdiction over criminal misdemeanor charges. Furthermore, it is clear that violation of § 45-8-111, MCA, the section under which Panasuk was charged, is a misdemeanor.

3

Panasuk contends that § 3-10-301(1)(b), MCA, precludes a city court from hearing actions involving the title to, or possession of real property. Panasuk cites several statutory provisions as demonstrating the legislative policy that matters involving title to or possession of real property are beyond the jurisdiction of non-record courts. § 25-31-102, MCA, § 3-10-301, MCA, Rule 4(B)(1)(c), M.R.Civ.P. Furthermore, Panasuk argues that under § 45-8-112, MCA, any action to abate a nuisance must be brought in the name of the state and because abatement is a form of injunctive relief, the district court has exclusive jurisdiction. Citing § 3-10-301(1)(h), MCA. Finally, Panasuk argues that the exclusive remedies for public nuisance, both civil and criminal, are found in § 27-30-202, MCA, which provides:

> **27-30-202. Remedies for public nuisances.** (1) The remedies against a public nuisance are:
>     (a)   indictment or information;
>     (b)   a civil action; or
>     (c)   abatement.
> (2)   The remedy by indictment or information is regulated by Titles 45 and 46.

Panasuk contends that under the guidelines of the foregoing statute, a criminal prosecution for public nuisance cannot be commenced by a complaint, but only by indictment or information. The instant prosecution was commenced by a complaint filed in the City Court.

Panasuk's arguments fail for several reasons. First, the argument that the City Court is precluded from hearing cases involving title to or possession of real property is premised on an action to abate the nuisance. The charges levied in the instant case were filed under § 45-8-111(1), MCA, and were criminal charges

4

where the judgment was a fine and a suspended jail term. We do not have a case that involves title to or possession of real property. Furthermore, the sections cited by Panasuk all regard the civil jurisdiction of the City Court. The instant case involves the question of the City Court's jurisdiction over a criminal matter.

Panasuk's second argument is premised on belief that § 27-30-202, MCA, provides the 'exclusive' remedies for public nuisance. Because the statute provides that an action against public nuisance may be commenced by information or indictment, Panasuk argues that an action for public nuisance may not be filed by complaint and must be filed in District Court.

In construing individual sections of the Code, the Code should be considered in its entirety to determine the effect of any one section. State v. Bush (1974), 164 Mont. 81, 518 P.2d 1406. We note that § 27-30-202, MCA, was enacted and has remained unchanged since 1895. In subsequent years the legislature enacted the above cited statutes regarding a city court's jurisdiction over misdemeanors as well as § 45-8-111, MCA, the criminal public nuisance statute. Furthermore, in 1967, the legislature enacted a statute that requires all prosecutions brought in City Court be commenced by a sworn complaint. § 46-17-101, MCA.

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." § 1-2-101, MCA. Panasuk's

5

interpretation of § 27-30-202, MCA, is problematic. Section 27-30-202, MCA, provides for "the remedies against public nuisance". It does not explicitly provide that the listed remedies are exclusive. Panasuk's interpretation requires that we insert the word "exclusive" into the statute despite its absence.

Panasuk's interpretation also results in creating a direct contradiction between § 27-30-202, MCA, and statutes subsequently enacted. Sections 3-11-102 and 3-10-303, MCA, provide the City Court jurisdiction over the instant case while Panasuk's interpretation of § 27-30-202, MCA, would preclude such jurisdiction. Therefore, we decline to adopt Panasuk's argument that § 27-30-202, MCA, provides the exclusive remedies for public nuisance and that the City was required to file its action by information or indictment in District Court.

We conclude the City Court has jurisdiction to hear and determine charges for violation of § 45-8-111, MCA. The District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6

June 9, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Robert L. Stephens, Jr.
R.L. Stephens, P.C.
316 No. 25th St.
Billings, MT 59101

Mary Jane McCalla, Prosecutor
City Attorney's Office
P.O. Box 1178
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *M. Tudor*
Deputy