DA 07-0586

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 293

STATE OF MONTANA,

        Plaintiff and Appellant,

  v.

COLLIN JEROME WILLIS,

        Defendant and Appellee.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-07-99C
Honorable John C. Brown, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
            General, Helena, Montana

        For Appellee:

            Jason Armstrong, Attorney at Law, Bozeman, Montana


                    Submitted on Briefs:  July 23, 2008

                         Decided:  August 19, 2008


Filed:

_____
                       Clerk


Justice Brian Morris delivered the Opinion of the Court.

¶1 The State appeals from an order of the Eighteenth Judicial District Court, Gallatin County, granting the motion of Collin Jerome Willis (Willis) to dismiss for lack of jurisdiction. We reverse.

¶2 We review the following issue on appeal:

¶3 *Did the District Court correctly grant Willis's motion to dismiss for lack of jurisdiction?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Trooper Darlene Lee of the Montana Highway Patrol responded on October 2, 2006, to an accident scene on Interstate 90 near the exit to Belgrade, Montana. A dispatcher had received a report of the accident at 3:15 a.m. Trooper Lee arrived at the site of the accident to find that a van pulling a trailer loaded with personal belongings had rolled over. The van sustained significant damage and the accident had left the trailer completely demolished. An ambulance had taken the van's driver to the Bozeman Deaconess Hospital.

¶5 Deputies from the Gallatin County Sheriff's Office inspected the scene of the accident. The deputies found debris from a maroon vehicle at the site of the accident. The deputies also found a license plate in the area. A search of the license plate's number returned the plate to a maroon Volvo semi-truck registered in British Columbia, Canada. The officers placed a statewide "Attempt to Locate" on the semi-truck.

¶6 Willis contacted the 911 dispatcher at approximately 12:40 p.m. on October 2, 2006, and reported that he had been involved in a wreck earlier that morning. Willis spoke over the phone with Trooper Lee, but refused to provide Lee with his last name or his location.

2

Willis hung up after a brief exchange with Trooper Lee. Willis called again ten minutes later and spoke with another officer. Willis told the officer that he had hit debris in the roadway, but Willis denied any involvement in an accident. Willis told the officer that he was at a rest stop on Interstate 90 just east of Big Timber.

¶7 Trooper J.V. Moody found Willis and Willis's semi-truck at the rest stop. Trooper Moody investigated Willis's semi-truck. The semi-truck had paint marks on it that appeared to match the paint from the trailer involved in the accident. Another officer searched the semi-truck with a canine. Trooper Moody questioned Willis concerning the accident. Trooper Moody did not provide Willis with *Miranda* warnings before asking him questions.

¶8 Officers took Willis to the Sweetgrass County Sheriff's Office at approximately 3:00 p.m. on October 2, 2006. Trooper Moody conducted a taped interrogation of Willis at 3:15 p.m. Trooper Moody advised Willis of his rights before asking him questions about the accident.

¶9 The State charged Willis with failing to stop at an injury accident, failing to give aid, and driving while his driver's license was suspended. The State filed its complaint alleging these three misdemeanors in the Justice Court for Gallatin County. Willis filed a motion to suppress any statements made by Willis to Trooper Lee or Trooper Moody. Willis asserted that Trooper Moody effectively had arrested him at the rest stop near Big Timber. Willis alleged that Trooper Moody and Trooper Lee illegally had obtained his statements during the questioning at the rest stop and the subsequent questioning at the Sweetgrass County Sheriff's office. The Justice Court granted Willis's motion.

3

¶10 The State appealed the Justice Court's ruling to the District Court. Willis filed a motion to dismiss on the grounds that the District Court lacked jurisdiction. The District Court granted Willis's motion to dismiss. The State appeals.

## STANDARD OF REVIEW

¶11 We review de novo a district court's grant or denial of a motion to dismiss in a criminal case. *State v. Rensvold*, 2006 MT 146, ¶ 14, 332 Mont. 392, ¶ 14, 139 P.3d 154, ¶ 14. A district court's grant or denial of a motion to dismiss is based on a conclusion of law that we review for correctness. *State v. Strizich*, 286 Mont. 1, 5, 952 P.2d 1365, 1367 (1997).

## DISCUSSION

¶12 *Did the District Court correctly grant Willis's motion to dismiss for lack of jurisdiction?*

¶13 The State argues on appeal that the District Court precluded the State from exercising its statutory right to appeal from an adverse ruling on a suppression motion. The State asserts that the District Court's determination that the State first had to pursue Willis to trial in Justice Court forces the State to risk an acquittal and lose the right to appeal. Willis argues that the State attempted to have the District Court conduct an appellate review of the Justice Court's order suppressing Willis's statements. Willis contends that the District Court correctly determined that it lacked jurisdiction over the Justice Court's order and correctly dismissed the case.

4

¶14 We have held that "a district court does not have *appellate* jurisdiction to review a justice court order suppressing evidence." *State v. Kesler*, 228 Mont. 242, 246, 741 P.2d 791, 794 (1987) (emphasis added). We confirmed in *Kesler*, however, that the State has a statutory right to appeal an adverse ruling in justice court regarding the suppression of evidence to a district court. *Kesler*, 228 Mont. at 245, 741 P.2d at 793. We noted that § 46-20-103(2), MCA, sets forth the orders or judgments in a criminal case from which the State may appeal from a lower court to a higher court. *Kesler*, 228 Mont. at 244-45, 741 P.2d at 793. Section 46-20-103(2), MCA, includes orders suppressing evidence. We determined in *Kesler* that the clear intent of the statute that governs appeals from justice court, § 46-17-311, MCA, requires simply that all appeals from justice court to district court proceed as trials de novo. *Kesler*, 228 Mont. at 245, 741 P.2d at 793.

¶15 The District Court determined that this Court's decision in *Rensvold* provides that a defendant has an absolute right to two trials de novo. The District Court determined that the State's right to appeal as set forth in § 46-20-103, MCA, applies only in those cases where a justice court's suppression order "causes the destruction" of the State's case. The court reached this conclusion based upon the Commission Comment to § 46-20-103, MCA. The comment states that "[t]he dismissing of a warrant, suppressing evidence or suppressing an admission or confession, as well as changing the venue of the trial, may result in the destruction of the state's case and should be made the basis of an appeal by the state." The District Court determined that in the absence of this "destruction" the State had to proceed to trial in the Justice Court before the District Court could acquire jurisdiction over the case.

5

¶16 We faced in *Rensvold* a situation where the State had failed to appear at an omnibus hearing scheduled in justice court. *Rensvold*, ¶ 5. The justice court dismissed the charge against Rensvold without prejudice. *Rensvold*, ¶ 5. The State did not attempt to re-file the charge in justice court, but instead filed a notice of appeal to the district court. *Rensvold*, ¶¶ 6-7. The district court dismissed the State's appeal, and the State appealed to this Court. *Rensvold*, ¶¶ 12-13. We upheld the district court's ruling on the basis that the State's failure to prosecute the case in justice court violated Rensvold's statutory and constitutional right to two jury trials. *Rensvold*, ¶ 32. We concluded, "on the facts . . ." particular to Rensvold's case, that the district court did not err when it dismissed the State's appeal. *Rensvold*, ¶¶ 31, 33.

¶17 We similarly determined that the State could not appeal a justice court's ruling in *Strizich*. Our decision in *Strizich* considered whether the State could appeal a justice court's ruling on a State-filed motion in limine that sought to secure the admission at trial of results from a preliminary breath test (PBT) for alcohol. *Strizich*, 286 Mont. at 3, 952 P.2d at 1366. We concluded in *Strizich* that the State's statutory right to appeal a justice court's ruling did not extend to an order "determining that PBT results are not substantive evidence . . . ." *Strizich*, 286 Mont. at 11, 13, 952 P.2d at 1371-72.

¶18 We clarified that orders "suppressing evidence" consist of orders that exclude evidence on the grounds that the State illegally has obtained the evidence. We stated that orders "suppressing evidence" do not include pretrial orders that exclude evidence based on the Rules of Evidence, such as relevancy, probative value, or statutory inadmissibility.

6

*Strizich*, 286 Mont. at 11, 952 P.2d at 1371.  We recognized that to allow the State to appeal from any adverse ruling on the admissibility of evidence in justice court would empower the State to avoid justice court jurisdiction "anytime it decides it would be tactically advantageous to do so."  *Strizich*, 286 Mont. at 10, 952 P.2d at 1371.

¶19    The District Court's determination that the State could not appeal the Justice Court's ruling unless it resulted in the "destruction" of the State's case presents this Court with an argument similar to the one we considered in *State v. Yarns*, 252 Mont. 45, 826 P.2d 543 (1992), *overruled in part on other grounds*, *Strizich*, 286 Mont. at 11, 952 P.2d at 1371.  The district court in *Yarns* denied an appeal by the State from the justice court's ruling on the admissibility of a videotape.  *Yarns*, 252 Mont. at 47-48, 826 P.2d at 544-45.  The district court recognized that the justice court's ruling constituted an order "suppressing evidence" within the meaning of § 46-20-103(2), MCA.  *Yarns*, 252 Mont. at 50, 826 P.2d at 546.  The district court concluded that the State could not appeal the ruling, however, because the ruling did not substantially impair or seriously impede the State's ability to prosecute the case.  *Yarns*, 252 Mont. at 50, 826 P.2d at 546.

¶20    We confirmed in *Yarns* that a district court cannot condition the State's right to appeal upon a showing that a suppression order substantially impaired the ability to prosecute the case.  *Yarns*, 252 Mont. at 51, 826 P.2d at 547.  We later limited the extent of our holding in *Yarns* and made clear that orders "suppressing evidence" do not include orders that exclude evidence on such bases as relevancy or statutory inadmissibility.  *Strizich*, 286 Mont. at 11, 952 P.2d at 1371.

7

¶21    Our decision in *Strizich* stands for the proposition that the State may not deny a defendant a trial in justice court by appealing a ruling that arises from a State-filed motion in limine concerning non-substantive evidence. *Strizich*, 286 Mont. at 10-11, 952 P.2d at 1371. *Rensvold* likewise provides that the State may not deny a defendant a justice court trial by failing to appear at a justice court proceeding and then appealing the subsequent dismissal of the case. *Rensvold*, ¶ 33. *Strizich* and *Rensvold* reflect this Court's unwillingness to allow the State to circumvent a justice court's jurisdiction by appealing from rulings unrelated to the State's ability to prosecute the case.

¶22    Our decisions in *Rensvold* and *Strizich* did not alter the State's ability, as provided in § 46-20-103(2), MCA, to appeal an adverse ruling of a justice court on a pretrial motion to suppress filed by a defendant. Likewise, neither decision authorizes a district court to require the State to demonstrate that an adverse ruling effectively resulted in the "destruction" of the State's case before the State may appeal. *Yarns*, 252 Mont. at 51, 826 P.2d at 547. Indeed, such a condition would require district courts to assume appellate jurisdiction to review the ruling below in order to make the "destruction" determination. A district court may not assume such jurisdiction. *Kesler*, 228 Mont. at 246, 741 P.2d at 794.


¶23    Willis filed a "Motion to Suppress" in Justice Court to preclude the State from presenting any statements made by Willis to Trooper Lee or Trooper Moody on the day of the accident. Willis's motion asserted that the State illegally had obtained his statements in violation of the federal and Montana constitutional protections against self-incrimination.

8

The Justice Court granted Willis's motion. The substantive effect of the Justice Court's ruling resulted in the suppression of Willis's statements.

¶24 The Justice Court's order granting Willis's motion to suppress does not reveal definitively whether the order suppresses "evidence," "a confession or admission," or both, for purposes of § 46-20-103(2), MCA. The State similarly does not specify either in its "Notice of Appeal," or in its brief before the District Court, whether the Justice Court's order suppressed evidence or whether the order suppressed a confession or admission. We conclude that under either characterization the State had a statutory right pursuant to § 46-20-103(2), MCA, to appeal the Justice Court's ruling. *Strizich*, 286 Mont. at 11, 952 P.2d at 1371. We further conclude that a trial de novo in District Court constitutes the proper proceeding for the State's appeal. *Kesler*, 228 Mont. at 246, 741 P.2d at 794.

¶25 Reversed and remanded to the District Court for the initiation of new proceedings de novo.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE

9