**FILED**

January 31 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 11-0260

2012 MT 16

CITY OF CUT BANK,
STATE OF MONTANA,

        Plaintiff and Appellant,

    v.

RHONDA JOYCE HALL,

        Defendant and Appellee.

O P I N I O N
A N D
O R D E R

¶1    The City of Cut Bank (the City) appeals from the District Court's April 14, 2011 decision dismissing the City's case against Rhonda Joyce Hall (Hall). We dismiss the City's appeal with prejudice.

¶2    On November 9, 2010, following a jury trial in City Court, Hall was sentenced on her conviction of charges of obstructing a peace officer, disorderly conduct, and assault with a bodily fluid. Hall timely appealed to the District Court for a jury trial de novo. At the conclusion of the City's case, out of the presence of the jury, the District Court Judge expressed her concern that the City had not presented sufficient evidence to meet its burden of proof. Defense counsel moved that the case be dismissed. The trial court entertained oral argument on Hall's motion, and at the conclusion of the argument, the court granted Hall's motion to dismiss from the bench.

¶3    The City timely appealed to this Court and filed its brief. Hall did not file a brief. Basically, the City argues that the prosecution did present sufficient evidence on each charge and that the case should not have been dismissed. The City discusses each charge and the evidence pertaining to that charge in arguing that the District Court erred. The City's argument is beside the point, however. Regardless of the merits of the City's analysis, and regardless of whether the District Court's decision to dismiss the case was

1

correct, the fact that the trial judge ordered the City's case dismissed for insufficient evidence is dispositive.

¶4    In *State v. Cool*, 174 Mont. 99, 568 P.2d 567 (1977), we held that a dismissal of a criminal case based on insufficient evidence is an acquittal in substance as well as in form—whether the trial court was correct or not—and that the Fifth Amendment to the United States Constitution bars retrial under double jeopardy principles. We ruled that the State has no appeal from such a decision under § 95-2403, R.C.M. (1947)[1], the statute which allowed the State to appeal from a dismissal of a case. *Cool*, 174 Mont. at 101-02, 567 P.2d at 568-69. We reaffirmed this decision in *State v. Greenwalt*, 204 Mont. 196, 200-03, 663 P.2d 1178, 1180-82 (1983), and we recently referred to both *Cool* and *Greenwalt* in *State v. Finley*, 2011 MT 89, ¶ 24, 360 Mont. 173, 252 P.3d 199.

¶5    We held in *Finley*, however, that neither *Cool* nor *Greenwalt* applied to the facts in that case because the Double Jeopardy concerns found in *Cool* and *Greenwalt* were absent in *Finley* since the State's appeal did not subject Finley to retrial. We concluded in *Finley* that

> the State is not precluded from appellate review when a district court, acting as an intermediate appellate court, sets aside a guilty verdict entered by a justice court of record. Should the State prevail, the tangible effect is reinstatement of the trier of fact's guilty verdict. Such circumstances do not subject defendants to impermissible retrial, further prosecution or double punishment for the same offense. Moreover, such an appeal comports with this Court's power and obligation to provide final appellate review of district court decisions when the district court has functioned as an intermediate appellate court.

*Finley*, ¶ 25 (citing *State v. Seaman,* 2005 MT 307, ¶ 10, 329 Mont. 429, 124 P.3d 1137). Thus, the situation would be different in the case *sub judice* if the District Court was acting in an appellate capacity rather than as the trier of fact. *Finley*, ¶ 25.

¶6    In the instant case, inasmuch as the District Court dismissed the City's case against Hall for insufficient evidence, Hall stands acquitted and cannot be retried.

---

1 This statute is the predecessor to § 46-20-103(2)(a), MCA, and contains the same language.

Moreover, the City has no appeal from the District Court's decision.  *Cool*, 174 Mont. at 101-02, 567 P.2d at 568.  Therefore,

¶7     IT IS ORDERED that the City's appeal is DISMISSED with prejudice.

¶8     The Clerk of this Court is directed to provide a copy of this Opinion and Order to counsel of record and to the Hon. Laurie McKinnon, District Court Judge.

DATED this 31st day of January, 2012.


/S/ JAMES C. NELSON


We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE