FILED

February 2 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0099

DA 15-0099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 26N

STATE OF MONTANA,

            Plaintiff and Appellee,

        v.

CHRISTOPHER R. JOHNSON,

            Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DC 14-469
                Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Martin W. Judnich, Vincent J. Pavlish, Judnich Law Office, Missoula,
            Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
            Assistant Attorney General, Helena, Montana

            Kirsten Pabst, Missoula County Attorney, Mac Bloom, Deputy County
            Attorney, Missoula, Montana

                            Submitted on Briefs:  December 30, 2015

                                    Decided:  February 2, 2016

Filed:

_____
                    Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Christopher R. Johnson was convicted in the Fourth Judicial District Court of driving while intoxicated (DWI). He challenges the District Court's jurisdiction and appeals the court's orders denying his motions to dismiss for lack of a speedy trial and to suppress the evidence of his intoxication. We affirm.

¶3     Missoula County Deputy Sheriff Ross Jessop arrested Johnson on April 17, 2014, for DWI and transported him to the Missoula County Detention Facility (MCDF). Jessop read Johnson the implied consent advisory form and asked him to submit a breath sample. Johnson refused. After more discussion, Jessop asked if Johnson would provide a blood sample and Johnson readily agreed. Jessop took Johnson to St. Patrick's Hospital where Johnson's blood was collected. Later that same day, Johnson entered a not guilty plea in the Missoula County Justice Court. Johnson's blood test results indicated that Johnson's blood alcohol level at the time of the test was .12. On August 26, 2014, the Justice Court granted Johnson's motion to suppress evidence of his intoxication, finding that Jessop had not followed proper procedure under § 61-8-402, MCA (the implied consent law). The State appealed the Justice Court's ruling to the District Court in

2

accordance with § 46-20-103, MCA, seeking a trial de novo. The District Court assumed jurisdiction of the case.

¶4 Johnson filed multiple motions in District Court, including a motion to dismiss for violation of his right to a speedy trial, a motion to suppress the blood test evidence against him, and a motion to dismiss for lack of jurisdiction. The District Court denied all of these motions in December 2014 and January 2015.

¶5 Following a jury trial conducted on February 6, 2015, the jury found Johnson guilty of driving while intoxicated. In addition to various fines, fees, and a requirement to complete ACT class[1], the court sentenced him to six months at MCDF, with all but one day suspended. Johnson appeals arguing the District Court lacked jurisdiction to review the case and that the court erred when it denied his motions to dismiss and suppress.

¶6 Johnson first argues that the District Court lacked jurisdiction to accept the State's appeal from the Justice Court's suppression order. Relying on *State v. Strizich*, 286 Mont. 1, 952 P.2d 1365 (1997), he asserts that the Justice Court's order was an evidentiary ruling rather than an order of suppression and that an order declaring evidence inadmissible is not entitled to de novo review. The State acknowledges that it may not appeal decisions excluding evidence based upon the Rules of Evidence, but asserts that the order in the case at bar is a suppression order that is appealable by the State under § 46-20-103(2)(e), MCA.

---

[1] ACT (Assessment, Course, Treatment) is a program designed to help persons convicted of driving under the influence or while intoxicated.

¶7 Section 46-20-103(2)(e), MCA, provides that the State may appeal from any court order or judgment the substantive effect of which results in suppressing evidence. The District Court noted that Johnson's "motion to suppress" and supporting brief to the Justice Court did not seek to have the evidence excluded based upon a rule of evidence; rather, it sought to have it suppressed based upon alleged statutory and constitutional violations by law enforcement. The Justice Court agreed with Johnson and granted the motion to suppress, and the District Court on review concluded the order was a suppression order and that it therefore had jurisdiction over the appeal.

¶8 In *Strizich*, we concluded that an order excluding from evidence the results of a field preliminary alcohol screening test was not a suppression order, but rather was an order ruling the evidence inadmissible under the rules of evidence. In reviewing extra-jurisdictional cases distinguishing between suppression and inadmissibility, we quoted *State v. Dwyer*, 847 S.W.2d 102 (Mo. Ct. App. 1992):

> The "suppression" of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained.

*Strizich*, 286 Mont. at 8, 952 P.2d at 1369. *See also State v. Willis*, 2008 MT 293, ¶ 18, 345 Mont. 402, 192 P.3d 691 ("[O]rders 'suppressing evidence' do not include pretrial orders that exclude evidence based on the Rules of Evidence, such as relevancy, probative value, or statutory inadmissibility.").

¶9 In this case, the Justice Court ordered suppression of the blood test evidence because Jessop failed to properly follow the procedure set out in § 61-8-402, MCA.

4

While the Justice Court erred in interpreting the statute and suppressing the evidence, the order nonetheless constituted a suppression order appealable under § 46-20-103(2)(e), MCA. The District Court did not err in accepting jurisdiction over the appeal.

¶10 Johnson also asserts the District Court erred in denying his motion to dismiss for lack of a speedy trial because the District Court did not bring him to trial for misdemeanor DWI before October 17, 2014, *i.e.*, six months after his April 17, 2014 arrest, in accordance with § 46-13-401(2), MCA.

¶11 Section 46-13-401(2), MCA, provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

¶12 We review a district court's denial of a motion to dismiss misdemeanor charges for violation of the speedy trial statute to determine whether the district court's interpretation of the statute was correct. *State v. Bullock*, 272 Mont. 361, 368, 901 P.2d 61, 66 (1995).

¶13 We addressed a similar situation in *State v. Sunford*, 244 Mont. 411, 796 P.2d 1084 (1990), where we stated "The six-month rule contained in § 46-13-201(2), MCA (renumbered § 46-13-401, MCA, Code Commissioner, 1991), does not apply in circumstances where the defendant is tried in justice court and the judgment is appealed for trial de novo in district court." *Sunford*, 244 Mont. at 415, 796 P.2d at 1086.

¶14 We revisited this ruling in *Bullock*, where we explained that "So long as the justice court jurisdiction is exhausted within six months by some action which authorizes appeal

5

de novo to the district court, § 46-13-401(2), MCA, has been satisfied." *Bullock*, 272 Mont. at 369, 901 P.2d at 67. Here, the jurisdiction of the Justice Court was exhausted within 6 months, as that court issued its suppression order approximately four months after Johnson's arrest. We have determined that the Justice Court's suppression order authorized an appeal de novo to the District Court. Thus, the misdemeanor speedy trial statute has been satisfied, and *Bullock* squarely applies. The District Court did not err in denying Johnson's motion to dismiss for lack of a speedy trial.

¶15 Lastly, Johnson argues that the District Court erred when it denied his motion to suppress the evidence of his intoxication based upon the arresting officer's failure to comply with § 61-8-402, MCA.

¶16 Johnson maintains that under this statute as soon as he refused to take the breath test Jessop was required to seize his license and was not allowed to ask that he consent to a blood test. The District Court determined that Jessop lawfully exercised discretion in affording Johnson an opportunity to provide a blood test given Johnson's distrust of the Intoxilyzer. We agree. Section 61-8-402(2)(b), MCA, expressly provides that law enforcement may exercise discretion in determining the test or tests to be administered. As noted by the District Court, there is no language in the statute prohibiting an officer from offering a defendant an alternate method of providing evidence. Section 1-2-101, MCA, expressly provides that "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. . . ." The District Court did not misinterpret the statute.

6

¶17    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  In the opinion of the Court, this case presents questions clearly controlled by settled law.

¶18    Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

7