No.  95-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

       Plaintiff and Respondent,

  V.

GEORGE F. DRGA,

       Defendant and Appellant.



APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          John Keith, Attorney at Law,
Great Falls, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Assistant Attorney General,
Helena, Montana

          Brant Light, Cascade County Attorney,
Julie Macek, Deputy County Attorney,
Great Falls, Montana


Submitted on Briefs:  April 11, 1996

Decided:  May 1, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

This is an appeal from a decision of the Eighth Judicial District Court, Cascade County, denying George F. Drga's motion to withdraw guilty plea and motion to set aside sentence. We reverse.

The dispositive issue on appeal is whether the District Court erred in denying Drga's motion to withdraw a guilty plea and refusing to set aside Drga's conviction and sentence when it made no determination regarding Drga's fitness to proceed.

FACTS

In July 1994, Drga was charged with felony stalking for harassing and intimidating his ex-wife. Upon a stipulation signed by Drga's former attorney and the Cascade County Attorney's Office, Drga was sent to Warm Springs State Hospital for a mental evaluation. Drga was diagnosed with "Dementia of the Alzheimer's Type and Probable Alzheimer's Disease" and declared to be seriously mentally ill and unable to understand the proceedings against him or to assist in his own defense.

As a result of the mental evaluation, the parties stipulated that Drga was unfit to proceed. The District Court then suspended all proceedings and ordered the matter be reviewed at a later date. Drga was sent back to the state hospital where it was determined that he was not mentally unfit to proceed. He returned to District Court and pled guilty based on a plea agreement with the Cascade County Attorney's Office. The District Court accepted the plea but refused to follow the county attorney's sentencing recommendation.

2

Instead, the District Court sentenced Drga to five years with all but 349 days suspended with credit given for the 349 days served and he was released.

Drga was later brought into District Court on a petition to revoke his suspended sentence for failure to comply with the conditions. He admitted the violations and was released again with further conditions. He then retained new counsel and filed a motion to withdraw his guilty plea, a motion to set aside the judgment and sentence, and a petition for habeas corpus. He alleged that there was no review regarding Drga's fitness to proceed within the ninety-day statutory period, no subsequent hearing was held in which Drga was determined by the court to be competent, Drga's plea was involuntary because it was merely a way to get the matter over with, and Drga had ineffective assistance of counsel in the prior proceedings. The court granted review of the petition for habeas corpus, held a hearing on the issue of whether Drga was being held illegally, and then denied the motions to withdraw guilty plea and to set aside sentence. From the denial of the two motions, Drga appeals.

DISCUSSION

Did the District Court err in denying Drga's motion to withdraw a guilty plea and refusing to set aside Drga's conviction and sentence when it made no determination regarding Drga's fitness to proceed?

3

We review a District Court's denial of a motion to withdraw a guilty plea and motion to set aside sentence for an abuse of discretion. State v. Johnson (Mont. 1995), 907 P.2d 150, 152, 52 St. Rep. 1186, 1187; State v. Arbgast (1983), 202 Mont. 220, 223, 656 P.2d 828, 830.

A court may adjudge a defendant lacks fitness to proceed and should be committed to an appropriate mental health facility. Section 46-14-221(1) and (2)(a), MCA. In that event, the court shall review the defendant's fitness to proceed within ninety days of the commitment. Section 46-14-221(2)(c), MCA. Accordingly, the District Court committed Drga to the state hospital on December 8, 1994, and set a hearing for review on March 15, 1995.

On February 22, the staff of the state hospital informed the court that, in its opinion, Drga was fit to proceed with the criminal charges pending against him. Drga did not appear at the March 15 hearing and it was postponed until April 21, 1995. Prior to the April 21 hearing, the parties signed a plea agreement whereby Drga would plead guilty in exchange for the county attorney's recommendation to defer imposition of sentence for one year. The court then vacated the April 21 review hearing and set a change of plea hearing for May 1, 1995. At that hearing, the court accepted Drga's change of plea to guilty for felony stalking.

Pursuant to § 46-14-222, MCA, proceedings can be resumed once a court has determined that the defendant has regained fitness to proceed. Furthermore, such a determination must be made "after a

4

hearing if a hearing is requested." Section 46-14-222, MCA. A hearing was requested in the December 8, 1994, stipulation of the parties. The court therefore erred in vacating the fitness hearing and accepting Drga's plea of guilty without making a determination that Drga had regained fitness to proceed. The State concedes that Drga's conviction and sentence are invalid because the District Court erred in resuming proceedings when it had not determined that Drga regained fitness. Accordingly, we conclude that the court abused its discretion in denying Drga's motion to withdraw a guilty plea and motion to set aside sentence.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices