No. 01-734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 246

STATE OF MONTANA,

          Plaintiff and Respondent,

    v.

JOHN M. MEEKS,

          Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula,
                     The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney; Kristen LaCroix, Deputy
                County Attorney, Missoula, Montana

                          Submitted on Briefs:  May 16, 2002

                                  Decided:  November 14, 2002

Filed:

_____
                         Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant John M. Meeks was charged with three counts of indecent exposure and one count of carrying a concealed weapon in the Fourth Judicial District Court, Missoula County. Meeks was declared unfit to proceed and committed to the custody of the Department of Public Health and Human Services. Meeks was later deemed fit to proceed and pled guilty to the charges. The District Court sentenced Meeks to the custody of the Department of Corrections (DOC), and Meeks appeals. We reverse and remand.

¶2 We restate the issues on appeal as follows:

¶3 1. Upon declaring Meeks unfit to proceed, did the District Court fail to comply with the provisions of § 46-14-221(2)(c), MCA (1999)?

¶4 2. Did Meeks receive an improper sentence?

**BACKGROUND**

¶5 On July 28, 1999, the Respondent, State of Montana, filed an information charging John M. Meeks with indecent exposure, a misdemeanor, in violation of § 45-5-504, MCA (1997), indecent exposure, a high misdemeanor, in violation of § 45-5-504, MCA (1997), indecent exposure, a felony, in violation of § 45-5-504, MCA (1997), and carrying a concealed weapon, a felony, in violation of § 45-8-316, MCA (1997). The incidents relating to these charges occurred in Missoula, Montana, between June 27, 1999, and July 11, 1999. On August 3, 1999, Meeks pled not guilty to all four charges.

¶6 At the request of Meeks' court-appointed counsel, Meeks was evaluated at the Missoula County Jail by Dr. Robert Shea on August 7, 1999. Shea noted that Meeks was

2

manic and uncooperative, and concluded that Meeks' mental state was such that he was unable to assist in his own defense. Meeks' court-appointed counsel submitted Shea's evaluation to the District Court on August 17, 1999, requesting that Meeks be declared unfit to proceed and transferred to the Montana State Hospital (MSH) in Warm Springs, Montana. The District Court found Meeks unfit to proceed on August 18, 1999. Pursuant to § 46-14-221(2)(a), MCA (1997), the proceedings against Meeks were suspended, and he was committed to the custody of the Department of Public Health and Human Services at MSH.

¶7 On October 4, 1999, an evaluation of Meeks was documented by Dr. Virginia Hill, staff psychiatrist at MSH. Hill diagnosed Meeks with paranoid type schizophrenia. Hill based this diagnosis on Meeks' paranoia, illogical and disorganized thinking, agitated and hostile behavior, and delusional interpretation of reality. As part of her treatment plan, Hill recommended that Meeks take anti-psychotic medication. Meeks, however, refused to ingest any medication, or to follow any portion of MSH's treatment plan. On October 14, 1999, Hill petitioned the District Court for an order requiring Meeks to comply with MSH's treatment plan. The District Court granted Hill's petition on October 18, 1999.

¶8 Meeks was reevaluated by Dr. Jeffery Ritow, staff psychologist at MSH, on November 10, 1999. The evaluation, in which Hill concurred, was submitted to the District Court on November 19, 1999. Ritow described Meeks as possessing a paranoid distortion of events, and determined that Meeks' behavior clearly indicated the presence of a mental disease. Ritow also noted that Meeks consistently refused to be interviewed by, or to

cooperate with, the hospital staff. Finally, Ritow concluded that Meeks remained unable to assist his attorney with his own defense.

¶9 During his stay at MSH, Meeks repeatedly complained about his compulsory medication. To address Meeks' complaints, the District Court set a hearing for December 8, 1999. After several continuances, the hearing to determine the propriety of Meeks' medication plan occurred on February 29, 2000, at which the District Court ordered Meeks off of medication and took the entire issue of medication under advisement.

¶10 On April 11, 2000, Hill filed a report updating the District Court on Meeks' fitness to proceed with the criminal charges against him. Hill noted that although Meeks still refused a clinical interview, and his hostile and disruptive behavior had persisted, Meeks had ceased all delusional verbalizations. As such, Hill concluded that Meeks was competent to stand trial. Hill based this conclusion on the following six factors: (1) Meeks' thirty-seven year criminal history, which implied a familiarity with the criminal justice process; (2) Meeks' coherence at the February 29, 2000, hearing; (3) Meeks' keen interest in the legal issues surrounding his case; (4) the absence of delusional statements, despite discontinuation of Meeks' medication; (5) Meeks' organized presentation of problems to hospital staff; and (6) information from Meeks' brother, describing Meeks' unfortunate early history, recent losses, and likelihood of competency.

¶11 On April 16, 2000, an independent psychiatric evaluation of Meeks was conducted by Dr. Terry Lanes. Lanes determined that Meeks was admitted to MSH with a psychosis best characterized as a brief psychotic disorder. Lanes further diagnosed Meeks with personality

4

disorder of a severe nature, with paranoid, narcissistic and antisocial traits. As a result of this personality disorder, Lanes characterized Meeks as severely dysfunctional. However, despite this characterization, Lanes concluded that Meeks was competent to stand trial. Lanes based this conclusion on the fact that Meeks understood the charges against him, and offered two reasonable defenses to such charges during the evaluation.

¶12 The District Court deemed Meeks fit to proceed to trial on May 9, 2000. On August 1, 2000, Meeks filed a motion to dismiss the charges against him. Pursuant to § 46-14-222, MCA (1999), Meeks alleged that between his commitment to MSH, and the date he was deemed fit to stand trial, so much time had elapsed that it would be unjust to proceed with the criminal charges against him. The District Court denied Meeks' motion to dismiss on November 8, 2000. The District Court noted that although the parties to the case were in agreement as to the appropriateness of the civil commitment procedure to Meeks' situation, the methodology of such a procedure would be most efficiently determined by proceeding to trial.

¶13 Pursuant to an amended information which reduced his three indecent exposure charges to misdemeanors, Meeks pled guilty to all four charges against him on December 6, 2000. On December 7, 2000, the District Court ordered that Meeks be committed to MSH for an evaluation, which would determine the appropriate facility for his custody, care and treatment. Dr. John Van Hassel, staff psychologist at MSH, evaluated Meeks on February 5, 2001. Hassel submitted his recommendation to the District Court on March 28, 2001, in which Hill concurred. Hassel noted that Meeks had consistently refused available treatment

5

programs at MSH, and concluded that Meeks was unlikely to derive any significant benefit from continued hospitalization. As a result, Hassel recommended that Meeks be supervised for the remainder of his sentence by the DOC, rather than by the Department of Public Health and Human Services at MSH.

¶14 On May 29, 2001, the District Court sentenced Meeks to six months in the Missoula County Detention Facility in Missoula, Montana, for each of three counts of indecent exposure, and five years in a State correctional facility for carrying a concealed weapon, the sentences to run concurrently. Meeks appealed the judgment of the District Court on July 20, 2001.

## STANDARD OF REVIEW

¶15 In cases of statutory interpretation, our standard of review is whether the district court's decision was correct. *Holm-Sutherland Co., Inc. v. Town of Shelby*, 1999 MT 150, ¶ 8, 295 Mont. 65, ¶ 8, 982 P.2d 1053, ¶ 8. We review a district court's imposition of a sentence for legality only. *State v. Setters*, 2001 MT 101, ¶ 16, 305 Mont. 253, ¶ 16, 25 P.3d 893, ¶ 16. The standard of review of the legality of a sentence is whether the sentencing court abused its discretion. *Setters*, ¶ 16.

## DISCUSSION

### ISSUE 1

¶16 Upon declaring Meeks unfit to proceed, did the District Court fail to comply with the provisions of § 46-14-221(2)(c), MCA (1999)?

6

¶17    As a preliminary matter, the State contends that Meeks' appeal is not properly before this Court. That is, the State asserts that when Meeks pled guilty, he waived his right to appeal the District Court's denial of his motion to dismiss the charges against him. Meeks filed a motion to dismiss on August 1, 2000. Pursuant to § 46-14-222, MCA (1999), Meeks alleged that between his commitment to MSH, and the date he was deemed fit to stand trial, so much time had elapsed that it would be unjust to proceed with the criminal charges against him. The District Court denied this motion on November 8, 2000, and set the case for trial. The case, however, never went to trial, as Meeks pled guilty to the charges on December 6, 2000.

¶18    The State correctly contends that Meeks' guilty plea waived his right to appeal the District Court's denial of his motion to dismiss. In *State v. Wheeler* (1997), 285 Mont. 400, 402, 948 P.2d 698, 699, we noted that: "A voluntary and intelligent plea of guilty constitutes a waiver of non[-]jurisdictional defects and defenses." As such, Meeks' guilty plea waived all non-jurisdictional claims for purposes of appellate review. Meeks, however, is not appealing the District Court's denial of his motion to dismiss on November 8, 2000. The issue before this Court is the District Court's compliance with § 46-14-221(2)(c), MCA (1999), in November of 1999. As such, the State's argument regarding Meeks' motion to dismiss is misplaced.

¶19    In *Hagan v. State* (1994), 265 Mont. 31, 36, 873 P.2d 1385, 1388, we held that jurisdictional claims in the context of waiver are "those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of*

7

*accepting the guilty plea from the face of the indictment or from the record.*"  On appeal,

Meeks alleges that, pursuant to § 46-14-221(2)(c), MCA (1999), criminal charges were

improperly brought against him after November of 1999.  Accordingly, we conclude that

Meeks' claim is jurisdictional in nature, and was not waived by his guilty plea on December

6, 2000.  We turn now to an analysis of § 46-14-221(2)(c), MCA (1999).

¶20	In 1979, the Montana Legislature abolished the traditional insanity defense,

substituting alternative procedures for considering a criminal defendant's mental condition.

*State v. Korell* (1984), 213 Mont. 316, 322, 690 P.2d 992, 996.  Montana now considers

evidence of mental disease or defect at three phases of a criminal proceeding: (1)

determination of fitness to stand trial; (2) at trial to disprove state of mind; and (3) at

sentencing.  *State v. Cowan* (1993), 260 Mont. 510, 517, 861 P.2d 884, 889.

¶21	Section 46-14-221(2), MCA (1999), dictates the procedure to be followed in the event

that a criminal defendant is declared unfit to proceed.  Section 46-14-221(2), MCA (1999),

provides, in pertinent part, that:

> (a)  If the court determines that the defendant lacks fitness to proceed, the proceeding against the defendant must be suspended . . . and the court shall commit the defendant to the custody of the director of the department of public health and human services to be placed in an appropriate institution of the department of public health and human services for so long as the unfitness endures.
>
> . . . .
>
> (c) The committing court shall, within 90 days of commitment, review the
>
> defendant's fitness to proceed.  If the court finds that the defendant is still unfit
>
> to proceed and that it does not appear that the defendant will become fit to

8

proceed within the reasonably foreseeable future, **the proceeding against the defendant must be dismissed** . . . and the prosecutor shall petition the court in the manner provided in chapter 20 or 21 of Title 53, whichever is appropriate, to determine the disposition of the defendant pursuant to those provisions. [Emphasis added.]

¶22     Meeks was declared unfit to proceed on August 18, 1999, and immediately committed to the custody of the Department of Public Health and Human Services, as required by § 46-14-221(2)(a), MCA (1999).  On November 19, 1999, approximately ninety days after Meeks was committed to MSH, the District Court received an evaluation from Dr. Ritow at MSH. Ritow's evaluation concluded that Meeks was paranoid, uncooperative, and unable to assist his attorney in his own defense.  Further, Ritow's evaluation gave no indication that Meeks would regain fitness in the reasonably foreseeable future.  As such, Meeks contends that, pursuant to § 46-14-221(2)(c), MCA (1999), the District Court was required to dismiss the criminal charges pending against him.  The State counters that, throughout the case, the motivation of both the District Court and the State was to formulate an effective treatment program for Meeks in the context of his criminal case.

¶23     In *Curtis v. Dist. Court of 21st Jud. Dist.* (1994), 266 Mont. 231, 235, 879 P.2d 1164, 1166, we noted that: "Where the statutory language is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe."  This Court also specifically addressed § 46-14-221(2), MCA (1993), in *Curtis*, stating that: "The legislative intent of § 46-14-221(2), MCA [1993], is clearly stated by the plain and

9

unambiguous language used." *Curtis*, 266 Mont. at 235, 879 P.2d at 1166. As such, we held that the proper procedure for managing a criminal defendant declared unfit to proceed was strict compliance with the provisions of § 46-14-221(2), MCA (1993). *Curtis*, 266 Mont. at 236, 879 P.2d at 1167. *See also State v. Drga* (1996), 276 Mont. 399, 401, 916 P.2d 739, 740.

¶24   Subsections (a) and (c) of the 1999 version of § 46-14-221(2), MCA, are unchanged in substance, and remain the mandatory procedure for a court to follow when supervising a criminal defendant declared unfit to proceed. Under subsection (c) of § 46-14-221(2), MCA (1999), the District Court was required to review Meeks' fitness to proceed within ninety days of his commitment and, if appropriate, dismiss the criminal charges pending against him. The prosecutor was then required to petition the District Court to have the defendant committed via the civil procedure provided in § 53-21-121, MCA (1999).

¶25   Meeks was declared unfit to proceed on August 18, 1999. The District Court complied with subsection (a) of § 46-14-221(2), MCA (1999), suspending the criminal proceedings against Meeks and committing him to the custody of MSH. Approximately ninety days later, on November 19, 1999, the District Court received an evaluation from Dr. Ritow at MSH. Ritow's evaluation described Meeks as paranoid, and concluded that Meeks was uncooperative and not able to assist his attorney with his own defense. Ritow's evaluation, in which Dr. Hill concurred, indicated that Meeks was unfit to proceed with the criminal charges pending against him. However, the District Court did not dismiss the

charges against Meeks in November of 1999. Rather, at Ritow's recommendation, Meeks remained at MSH for further evaluation.

¶26 In holding Meeks at MSH for further evaluation, the District Court failed to comply with the provisions of § 46-14-221(2)(c), MCA (1999). Ritow's evaluation, submitted to the District Court on November 19, 1999, indicated that Meeks was unfit to proceed. Furthermore, the November evaluation contained no specific evidence to suggest that Meeks would regain fitness in the reasonably foreseeable future. Therefore, upon review of the evaluation, there was no basis upon which to continue criminal proceedings against Meeks in November of 1999. Under § 46-14-221(2)(c), MCA (1999), the District Court was required to dismiss the criminal charges against Meeks, and the prosecution was required to commence civil commitment procedures, as provided in §§ 53-21-101-704, MCA (1999). Accordingly, we hold that, pursuant to § 46-14-221(2)(c), MCA (1999), the District Court erred in not dismissing the criminal charges against Meeks in November of 1999.

## ISSUE 2

¶27 Did Meeks receive an improper sentence?

¶28 In the alternative, Meeks contends that his sentence is illegal, as he was committed to the custody of the DOC, rather than the Department of Public Health and Human Services. The State maintains the District Court correctly concluded that Meeks belonged in a correctional facility. However, our above holding renders Meeks' sentence moot. As such, we decline to reach this issue.

11

¶29 For the foregoing reasons, the judgment of the District Court is reversed and remanded for proceedings consistent with this Opinion.


/S/ JIM REGNIER


We Concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART