FILED

December 8 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0054

DA 15-0054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 341

STATE OF MONTANA,

        Plaintiff and Appellant,

   v.

ROSS MICHAEL ROBERTSON,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DC-12-54
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

           Ben Krakowka, Deer Lodge County Attorney, Anaconda, Montana

      For Appellee:

           Chad M. Wright, Wright Legal, P.C., Helena, Montana

           Gregory A. Jackson, Jackson Law Firm, Helena, Montana

Submitted on Briefs:  October 28, 2015
Decided:  December 8, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Ross Robertson has a lengthy history of mental illness and has been committed to Montana State Hospital (MSH or the Hospital) numerous times since 2004. While institutionalized in January 2012, Robertson assaulted and seriously injured a nurse at MSH. He was charged with felony aggravated assault and, based upon a 2005 felony aggravated robbery attempt sentence he was then serving, was transferred to Montana State Prison where he remained until the District Court entered an order directing that he be transferred back to MSH on January 10, 2014. Robertson actually transferred to the Hospital on January 22, 2014. Under § 46-14-221(3), MCA, the Hospital was required to submit a fitness-to-proceed evaluation report to the Montana Third Judicial District Court, Anaconda-Deer Lodge County, within 90 days of commitment. The Hospital submitted its report on April 16, 2014. In June 2014, Robertson moved to dismiss his assault charge on the grounds that the fitness evaluation report had not been timely submitted. The District Court agreed and granted his motion. The State of Montana appeals. We reverse and remand.

**ISSUE**

¶2 A restatement of the issue on appeal is whether the District Court erred in dismissing the aggravated assault charge against Robertson based upon the State's failure to satisfy the statutory requirements set forth in § 46-14-221(3)(a), MCA.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3      Ross Robertson, currently 30 years old, began displaying signs of mental illness at age 16, exhibiting erratic moods, aggression, violence, and paranoia.  Robertson also began abusing alcohol and drugs shortly before his mental illness symptoms manifested.  He was first institutionalized at MSH in July 2004 when he was 19 years old.  He has been in and out of MSH at least seven times since 2004.

¶4      In late December 2005, Robertson attempted to rob a Billings convenience store using a weapon.  He was charged with felony attempted robbery and temporarily confined in the Yellowstone County Detention Facility until he was transferred to MSH in May 2006 following a competency evaluation.  In late May or early June 2007, he entered a plea of "guilty but mentally ill" and was sentenced to DPHHS's custody for 15 years with 5 years suspended.

¶5      Robertson was subsequently released from MSH but his health and behavior deteriorated and he was sent back to MSH in April 2010, where he remained until July 19, 2011.  He was released into the community again but violated several of his parole conditions.  He was sent to the START program but returned to MSH on November 28, 2011, to continue serving his attempted robbery sentence.

¶6      On January 10, 2012, Robertson violently attacked and seriously injured a nurse at MSH.  He was transferred to Montana State Prison (MSP) the following day where he continued serving his sentence for attempted robbery.  While Robertson was serving his sentence at MSP, the State charged him with aggravated assault.  Arraignment was

continued until February 21, 2013, at which Robertson entered a not guilty plea. After he was charged, counsel questioned his fitness to proceed and his ability to assist his counsel in defending against the assault charge. Following a July 2013 fitness-to-proceed evaluation which found Robertson competent to proceed, Robertson voluntarily discontinued all medications resulting in a return of his mental illness symptoms. In both October 2013 and January 2014, additional fitness-to-proceed evaluations found him unfit to proceed. During this time, Robertson continued to serve his attempted robbery sentence.

¶7 Based upon the unfit-to-proceed evaluations, the District Court issued an order on January 10, 2014, suspending the aggravated assault proceeding and ordering Robertson to be transferred back to MSH for treatment. In order to prepare for Robertson's return to the Hospital and to begin work on an individualized treatment plan for him, MSH delayed Robertson's physical transfer until January 22, 2014.

¶8 On April 16, 2014, MSH physicians issued a fitness-to-proceed report that again found Robertson unfit. The report requested that Robertson's commitment to MSH be extended for an additional 90 days of treatment. The District Court conducted a telephone conference with the parties on April 18, 2014, during which the parties stipulated that the court could enter an order continuing Robertson's mental health treatment at MSH. On April 21, 2014, the District Court issued the agreed-upon order. On June 20, 2014, having re-evaluated Robertson, MSH mental health physicians determined he was now fit to proceed in the aggravated assault proceeding.

¶9 On June 24, 2014, Robertson filed a motion to dismiss the assault charge asserting that the requirements of § 46-14-221(3), MCA, were not met. He claimed that § 46-14-221(3)(a), MCA, required the District Court to determine *within 90 days of his commitment* whether he was fit to proceed. He asserted that he was ordered to return to MSH on January 10, 2014, and consequently the fitness-to-proceed evaluation report should have been submitted to the court no later than April 10, 2014. Robertson maintained that because the report was not issued until April 16, 2014, the statutory requirements were not met and the District Court lost jurisdiction of the matter. On January 7, 2015, the District Court granted Robertson's motion to dismiss. Relying on § 53-21-102(4), MCA, the court determined that Robertson's MSH commitment began on January 10 and under the non-discretionary timing requirements of § 46-14-221(3), MCA, it was obligated to dismiss the action because the report was not filed within 90 days of commitment.

¶10 The State filed a timely appeal.

**STANDARD OF REVIEW**

¶11 The grant or denial of a motion to dismiss in a criminal proceeding is a question of law which we review de novo to determine whether the district court's conclusion of law is correct. *State v. Willis*, 2008 MT 293, ¶ 11, 345 Mont. 402, 192 P.3d 691. Whether the district court has correctly interpreted a statute is also a conclusion of law reviewed for correctness. *State v. Yarnall*, 2004 MT 333, ¶ 17, 324 Mont. 164, 102 P.3d 34.

5

**DISCUSSION**

¶12    *Did the District Court err in dismissing the aggravated assault charge against Robertson based upon the State's failure to satisfy the statutory requirements set forth in § 46-14-221(3)(a), MCA?*

¶13    Section 46-14-221(3)(a), MCA, provides:

> The committing court shall, within 90 days of commitment, review the defendant's fitness to proceed.  If the court finds that the defendant is still unfit to proceed and that it does not appear that the defendant will become fit to proceed within the reasonably foreseeable future, the proceeding against the defendant must be dismissed, except as provided in subsection (4).

¶14    As noted above, the District Court concluded that because Robertson was ordered to MSH on January 10, the court was required to review his fitness to proceed within 90 days, or no later than April 10, 2014.  MSH did not submit the report to the District Court for its review until April 16, 2014.  Based upon untimeliness, Robertson argued and the District Court agreed that his charges should be dismissed.

¶15    At the heart of this dispute is the meaning of the provision "within 90 days of commitment," as set forth in § 46-14-221(3)(a), MCA.  Robertson argues and the District Court agreed that a "commitment" is defined as "an order by a court requiring an individual to receive treatment for a mental disorder."  Section 53-21-102(4), MCA.  Thus, the court reasoned that the operative date for commencing the 90-day timeframe was the date of the District Court's order of commitment, January 10, 2014.  The State counters that the date of Robertson's commitment was the actual date of Robertson's transport to MSH, January 22, 2014, and therefore, the April 16, 2014 report was timely.  The State further argues that the District Court erred in applying the provisions of

6

§ 53-21-102(4), MCA—which applies to civil mental health commitments—to proceedings governed by Title 46 with respect to the mental competency of an accused in a criminal action. We conclude that for the reason set forth below, we need not resolve this debate here.

¶16 As noted above, the District Court conducted a telephone conversation with the parties on April 18, 2014, at which time the parties stipulated to a District Court order that MSH should continue treating Robertson's mental illness for an additional 90 days in an attempt to achieve the statutory "fitness" status that would allow him to become fit to proceed. Robertson's counsel did not object during this conference to the timeliness of the report. It was not until the June 2014 report from MSH indicating that Robertson was fit to proceed that Robertson first interposed the timeliness objection. It is well settled that judicially or statutorily created procedural deadlines are subject to forfeiture and waiver. *BNSF Ry. Co. v. Cringle*, 2010 MT 290, ¶ 18, 359 Mont. 20, 247 P.3d 706; *Montana-Dakota Utils. Co. v. Montana Dep't of Pub. Serv.*, 223 Mont 191, 194-95, 725 P.2d 548, 550 (1986). Moreover, we have held that "[t]o properly preserve an issue for appeal, a party must notify the court at the time the objectionable conduct is at issue." *In re A.T.*, 2006 MT 35, ¶ 15, 331 Mont. 155, 130 P.3d 1249. We therefore conclude that by agreeing to a continuing course of treatment at MSH after the initial report was submitted to the District Court, Robertson waived his objection to the timeliness of that report.

7

¶17    As noted above, the parties in this case disagree over when Robertson's "commitment" began for purposes of triggering the 90-day deadline—on the date the District Court issued its order of commitment or the date on which Robertson actually entered the Hospital to begin treatment.  Title 46, chapter 14, references the term "commitment" on multiple occasions but nowhere is it stated when a "commitment" commences for purposes of mental competency proceedings under this title and chapter. It may therefore behoove the legislature to specify when a "commitment" commences with respect to proceedings conducted under Title 46, chapter 14.

## CONCLUSION

¶18    For the foregoing reasons, we reverse the order of the District Court dismissing the charge against Robertson and remand for further proceedings.


                                                    /S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE