DA 20-0176

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 66

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

NATALIE AMANDA RICH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC-18-336C and
DC-19-033C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Chad Wright, Appellate Defender, Kristina L. Neal, Assistant Appellate
Defender, Helena, Montana

       For Appellee:

            Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

            Travis R. Ahner, Flathead County Attorney, Andrew C. Clegg, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  February 23, 2022

Decided:  April 5, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 After a psychologist determined Natalie Amanda Rich was not fit to stand trial on pending Flathead County criminal charges, the Eleventh Judicial District Court committed her to the Montana State Hospital (MSH) to regain fitness. When the court had made no determination of fitness within ninety days of that order, Rich moved to dismiss both charges. The District Court denied her motion. Rich argues on appeal that the District Court lost jurisdiction over her cases once the statutory ninety-day deadline expired and should have dismissed them. We affirm the District Court's denial of the motion to dismiss but remand for the District Court to correct its written judgment to conform to the oral pronouncement of sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Rich was arrested for felony criminal possession of dangerous drugs in September 2018 and pleaded guilty about two months later. While awaiting sentencing at the Flathead County Detention Center, Rich assaulted a detention officer and was charged with assault on a peace officer. Over the course of the proceedings in both cases, the District Court and Rich's counsel became concerned with her fitness to proceed after she refused to meet with her counsel on multiple occasions. At a hearing in March 2019, the court ordered that Rich be committed to MSH for a fitness-to-proceed evaluation. When Rich had not yet been transported to MSH by early July, her parents retained a private psychologist for the evaluation. The psychologist submitted a report the next month opining that Rich was not fit to proceed. On August 15, the District Court ordered that

Rich be committed to MSH to regain fitness pursuant to § 46-14-221(2)(a), MCA. Rich was transported to MSH on September 4.

¶3 At a status hearing the following day, the District Court set the matter for hearing on November 21. Rich initially refused to participate in treatment meetings at MSH or to communicate with her psychologist, prolonging her treatment. In a November 13 report, MSH opined that Rich remained unfit to proceed and recommended that Rich's commitment be extended for an additional ninety days to allow her medication to "continue to improve her symptoms and facilitate her fitness to proceed."

¶4 The day before the scheduled November 21 hearing, Rich's counsel filed a motion to dismiss in both cases, arguing that more than ninety days had elapsed since the August 15 order of commitment and both charges thus should be dismissed pursuant to § 46-14-221(3)(a), MCA. The State argued that dismissal was improper because ninety days had not elapsed from the day Rich entered MSH and because the District Court had not made a finding regarding whether Rich could be made fit in the foreseeable future.

¶5 The District Court held the hearing to review Rich's fitness to proceed as scheduled. The court reviewed the MSH report and concluded a contested hearing with Rich's psychiatrist was necessary to fully evaluate Rich's fitness. The contested hearing was held five days later. Dr. Hill, a staff psychiatrist from MSH, testified to Rich's mental state, explaining that Rich recently had begun taking her medication and had made improvements. Dr. Hill explained that she believed Rich needed another forty-five days to regain fitness because MSH had not yet evaluated Rich's ability to work with and communicate with her counsel. On cross-examination, Rich's counsel informed Dr. Hill

3

that he had spoken with Rich and felt that she was able to work with him. Dr. Hill acknowledged that Rich was "likely fit to proceed" given her counsel's assessment but maintained that an evaluation was necessary to fully assess Rich's fitness.

¶6 The District Court issued its findings of fact and conclusions of law the next day. It found that, although Rich had made "significant progress regaining fitness . . . a formal assessment regarding [Rich's] ability to work directly with defense counsel must be completed as it is in all cases." The court found that "[b]ased upon Dr. Hill's testimony, to a degree of medical certainty, [Rich] will become fit to proceed within the reasonably foreseeable future[,] which Dr. Hill advises is likely less than 45 days. The [District] Court finds this reasonably foreseeable." The District Court ordered Rich's commitment to MSH be extended forty-five days and denied Rich's motion to dismiss.

¶7 In January 2020, MSH found Rich fit to proceed, and she was transported back to the Flathead County Detention Center. A month later, Rich entered a plea agreement that amended the assault charge to criminal endangerment and pleaded guilty through an *Alford* plea.[1] The District Court acknowledged Rich's plea at the sentencing hearing: "In . . . the criminal possession, the [District] Court will impose a three-year deferred imposition of sentence. And in . . . the criminal endangerment, the [District] Court

---

[1] "An *Alford* plea arises from the decision in *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), and is recognized by statute in Montana." *State v. Peterson*, 2013 MT 329, ¶ 8, 372 Mont. 382, 314 P.3d 227 (citing § 46□12□212, MCA). An *Alford* plea allows a criminal defendant to "plead guilty without actually admitting to the charge if he has reviewed the evidence against him, if he is capable of making a voluntary, knowing, and intelligent choice, and if the record contains strong evidence of guilt." Commission Comment to § 46□12□212(2), MCA.

4

will defer sentence for three years, and that will run concurrently to [the criminal possession]." The District Court's written judgment and sentence incorrectly states that Rich "plead[ed] guilty by way of Alford to **Assault on a Peace Officer, a felony**, in violation of § 45-5-210(a), MCA." (Emphasis in original).

## STANDARDS OF REVIEW

¶8 We review de novo the denial of a motion to dismiss in a criminal proceeding to determine whether the district court's conclusion of law is correct. *State v. Robertson*, 2015 MT 341, ¶ 11, 381 Mont. 520, 363 P.3d 427 (citation omitted). A district court's interpretation of a statute also is a conclusion of law that we review for correctness. *Robertson*, ¶ 11.

¶9 We review a district court's imposition of sentence for legality only. *State v. Megard*, 2006 MT 84, ¶ 16, 332 Mont. 27, 134 P.3d 90.

## DISCUSSION

¶10 *1. Did the District Court err when it denied Rich's motion to dismiss for failing to strictly comply with the ninety-day timeline set forth in § 46-14-221(3), MCA?*

¶11 Rich argues that the District Court should have dismissed the charges because § 46-14-221(3), MCA, "mandates" that a district court hold a hearing or make a finding within ninety days of commitment that the defendant is unfit or would regain fitness within the reasonably foreseeable future. Rich asserts that the "commitment" occurred on August 15, 2019, when the District Court entered its order committing Rich to the MSH, and the court failed to review her fitness within ninety days.

5

¶12 When a district court is faced with a defendant's potential lack of fitness to stand trial, § 46-14-221, MCA, requires the district court to determine whether a defendant is fit to proceed. If the court determines that the defendant is not fit to proceed, "the proceeding against the defendant must be suspended," and the defendant must be committed to the custody of the Department of Public Health and Human Services, which must "assist the defendant to gain fitness to proceed." Section 46-14-221(2), MCA. A defendant who has been found unfit "to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he [or she] will attain that capacity in the foreseeable future." *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S. Ct. 1845, 1858 (1972). Section 46-14-221(3)(a), MCA, requires that the court review the defendant's fitness to proceed within ninety days of commitment. If the court determines that the defendant remains unfit, the court must dismiss the proceeding unless it makes a finding that the defendant "will become fit to proceed within the reasonably foreseeable future[.]" Section 46-14-221(3)(a), MCA.

¶13 Rich stakes her appeal to the August 15 commitment order—103 days before the District Court's November 26 hearing and past the ninety-day deadline. The State disagrees, contending that the "commitment" occurred on September 4, when Rich was transferred to MSH—eighty-three days before the District Court's hearing.

¶14 Rich, citing *State v. Meeks*, 2002 MT 246, ¶ 19, 312 Mont. 126, 58 P.3d 167, and *State v. Tison*, 2003 MT 342, ¶ 15, 318 Mont. 465, 81 P.3d 471, first argues that the District Court lost jurisdiction when it failed to make a finding regarding Rich's fitness within ninety days of its order of commitment. In *Meeks* and *Tison*, we held that a

6

district court must dismiss a criminal charge against a defendant if, within ninety days of commitment, the district court has not determined (1) whether the defendant was fit to proceed, or (2) whether the defendant would become fit to proceed within the reasonably foreseeable future. *Meeks*, ¶ 26; *Tison*, ¶ 15.

¶15 In a series of cases decided after *Meeks* and *Tison*, we clarified that a statutory deadline "is, necessarily, a categorical time prescription, not a jurisdictional provision." *Miller v. Eighteenth Judicial Dist. Court*, 2007 MT 149, ¶ 46, 337 Mont. 488, 162 P.3d 121; *see, e.g.*, *In re E.G.*, 2014 MT 148, ¶ 12, 375 Mont. 252, 326 P.3d 1092; *BNSF Ry. Co. v. Cringle*, 2010 MT 290, ¶ 20, 359 Mont. 20, 247 P.3d 706*; Davis v. State*, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654. Subject matter jurisdiction is "the fundamental power and authority of a court to determine and hear an issue." *Miller*, ¶ 43 (quotation omitted). A statutory deadline is a claim processing rule that creates a "notice requirement" or "time limit." *Cringle*, ¶ 16 (citations and quotations omitted). Unlike subject matter jurisdiction, statutory timelines "are subject to forfeiture and waiver." *Cringle*, ¶¶ 15, 18 (citations and quotations omitted). "[U]nless a statute . . . expressly imposes [a] jurisdictional limitation[ ], the expiration of a time bar does not deprive a district court of the jurisdiction to further act in the manner before it." *Green v. Gerber*, 2013 MT 35, ¶ 24, 369 Mont. 20, 303 P.3d 729; *see also Cringle*, ¶ 17 (citing *Miller*, ¶ 45; *Davis*, ¶ 23; *State v. Johnston*, 2008 MT 318, ¶ 21, 346 Mont. 93, 193 P.3d 925).

¶16 Like the procedural deadlines imposed in *Cringle*, *Miller*, *Davis*, and *Johnston*, the ninety-day timeline imposed under § 46-14-221(3)(a), MCA, is not jurisdictional. Section 46-14-221(3)(a), MCA, does not "expressly impose[ ] [a] jurisdictional limitation."

*Green*, ¶ 24. Unlike subject matter jurisdiction, moreover, the ninety-day procedural deadline can be waived by a defendant. *Robertson*, ¶ 16 (holding that the defendant "waived his objection to the timeliness" of the fitness proceedings under § 46-14-221(3)(a), MCA, by continuing his course of treatment at MSH); *see also Cringle*, ¶ 15 (explaining that "[s]ubject matter jurisdiction can never be forfeited or waived, nor can it be conferred by the consent of a party" (citations and quotations omitted)). The expiration of the ninety-day deadline imposed by § 46-14-221(3)(a), MCA, accordingly does not deprive a district court of its jurisdiction to act in the case before it. To the extent *Meeks* and *Tison* suggest the deadline sets a jurisdictional bar, they are inconsistent with our recent cases and are overruled on that point only.

¶17 Rich next contends that the District Court's failure to strictly comply with § 46-14-221(3)(a), MCA, warrants dismissal. The State responds that, regardless of when the "commitment" began, the District Court complied with the ninety-day requirement because the MSH fitness report was filed in the District Court record on November 13. The State argues that § 46-14-221(3)(a), MCA, simply requires a District Court to "review the defendant's fitness to proceed" within ninety days, not that it hold a hearing. Though the statute does not expressly mandate a hearing within ninety days of commitment, nothing in the record supports the State's assertion that the court reviewed the report when it was filed. Absent proof of the District Court's review, we decline to hold that the receipt of a fitness report satisfies the requirement imposed by § 46-14-221(3)(a), MCA. We turn to Rich's argument.

8

¶18    At the September 5 status hearing, the District Court discussed with counsel the scheduling of the review hearing:

> THE COURT: So I think, just to be safe, the Court will set a status hearing—are you requesting 90 days or 60 days, Ms. Kenison?
>
> .  .  .
>
> MS. KENISON [State's attorney]: Your Honor, I think it needs to be set for 90 days after September 4th, which means it would have to be set before December 3rd, 2019.
>
> THE COURT: The Court will set the matter for a status hearing November 21st at 9:00 a.m.
>
> MR. GALLAGHER [Rich's attorney]: Judge, if she is returned to Flathead County, say in the next two weeks, would the Court entertain a motion to drastically move that date up?  I sure don't want her sitting downstairs for a few months, waiting, because at that point her fitness could become jeopardized.
>
> THE COURT: Absolutely.  I'm just setting a status in the event Ms. Rich isn't—the evaluation isn't complete.
>
> MR. GALLAGHER: I understand.  Thank you.

Defense counsel did not raise his concerns regarding the ninety-day deadline and instead waited for the ninety days to pass before filing a motion to dismiss on November 20.

¶19    The ninety-day timeline in § 46-14-221(3)(a), MCA, serves to protect a defendant from "languish[ing] indefinitely in a mental hospital with charges hanging over his [or her] head like the sword of Damocles." *Tison*, ¶ 11.  As officers of the court, lawyers are obligated to keep the court from error without sacrificing their effective advocacy.  Rich's counsel, despite the court's expressed commitment to hold the hearing as soon as the defendant was returned from MSH, waited until the eleventh hour to raise the timeliness of Rich's review hearing.  He did not object at the District Court's September status

9

hearing, nor did he raise the issue in the three intervening months. If counsel thought the ninety-day clock started running on August 15, he should have brought it to the court's attention in time for any error to be corrected. *See In re B.H.*, 2018 MT 282, ¶ 22, 393 Mont. 352, 430 P.3d 1006 ("Failure to make contemporaneous objection deprives the court from opportunity to correct the error, if any" (quoting *In re Marriage of Williams*, 2018 MT 221, ¶ 22, 392 Mont. 484, 425 P.3d 1277), and noting that "a simple objection or even suggestion by counsel that a statutory requirement had not been satisfied would have alerted the District Court to the problem, which it then could have easily remedied"). *See also Cline v. Durden*, 246 Mont. 154, 162, 803 P.2d 1077, 1082 (1990) (noting that a party "cannot create error for his own benefit on appeal"). Rich regained fitness within less than forty-five days, and she entered a plea soon after. Rich did not languish in MSH, and her substantial rights were protected throughout the proceedings.

¶20 The court did not lose jurisdiction in the case when it did not review Rich's fitness within ninety days of its August 15 order. Rich did not timely raise her claim of improper delay and has not demonstrated that she was entitled to have the charges against her dismissed.

¶21 *2. Did the District Court err when it issued a written judgment that conflicted with its oral pronouncement of the sentence?*

¶22 "A district court's oral pronouncement of a criminal sentence 'is the legally effective sentence and valid, final judgment.'" *State v. Hamilton*, 2018 MT 253, ¶ 50, 393 Mont. 102, 428 P.3d 849 (quoting *State v. Thompson*, 2017 MT 107, ¶ 8, 387 Mont. 339, 394 P.3d 197 (other citations omitted)). Rich contends that the

District Court's oral and written judgments are in conflict. The State concedes this issue and agrees that remand is necessary to correct the written judgment.

¶23 At Rich's sentencing hearing, the District Court orally pronounced that Rich pleaded guilty to criminal endangerment. The court's written judgment following the sentencing hearing states incongruently that Rich pleaded guilty to assault on a peace officer. The District Court's written and oral judgments are in conflict, and we therefore remand to the District Court with instructions to amend its written judgment to conform to its oral pronouncement.

## CONCLUSION

¶24 We affirm Rich's conviction and remand for the District Court to conform its written judgment to the oral pronouncement of her sentence.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

11