FILED

09/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0572

DA 22-0572

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 211

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ARIEL JONAE POWERS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC-2020-96
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Joshua James Thornton, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant Attorney General, Helena, Montana

            Kendra K. Lassiter, Park County Attorney, Livingston, Montana

Submitted on Briefs: March 6, 2024

Decided: September 17, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Defendant Ariel Jonae Powers appeals her conviction of Negligent Endangerment in violation of § 45-5-208, MCA; her sentence to the Park County Detention Center for one year, all suspended; and the imposed fines and fees totaling $175.  We address:

*Whether the District Court erred by denying Powers's motion to dismiss based on noncompliance with § 46-14-221, MCA.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On September 18, 2020, the State charged Powers with Arson in violation of § 45-6-103, MCA.  On August 19, 2021, Powers's attorney advised the District Court that an evaluator hired by Powers concluded she was unfit to proceed.  On September 27, 2021, pursuant to a motion by Powers's attorney, the District Court ordered the filing of the evaluation under seal and gave the State an opportunity to respond to the evaluator's report.  On October 26, 2021, the State agreed that Powers was unfit to proceed and requested the District Court commit Powers to the Montana State Hospital ("MSH") for evaluation and treatment.

¶3     On December 9, 2021, the District Court issued an order staying the proceedings, finding Powers unfit to proceed, and committing her to the custody of the Department of Public Health and Human Services ("the Department") "for so long as the unfitness endures or until disposition of Ms. Powers is made pursuant to [§ 46-14-221(2)(a), MCA], whichever occurs first."  On December 22, 2021, the State transferred Powers from the Gallatin County Detention Center, where she was incarcerated, to MSH.

2

¶4     On March 9, 2022, Powers moved to dismiss the charge against her with prejudice pursuant to § 46-14-221(3)(a)-(b), MCA.   The basis for Powers's motion was her contention that the District Court failed to review her fitness to proceed within 90 days of its December 9, 2021 order, committing her to the Department's custody.  On March 15, 2022, six days after Powers filed her motion to dismiss, the Department released her from MSH and returned her to the Gallatin County Detention Center after evaluators determined she was fit to proceed.  On March 21, 2022, the evaluators who found Powers fit to proceed issued their report.  On March 23, 2022, the report was filed with the District Court.  On May 19, 2022, the District Court denied Powers's motion to dismiss because the duration of her commitment was less than 90 days from her admission to MSH.

¶5     On August 15, 2022, Powers pled no contest to misdemeanor negligent endangerment pursuant to a plea agreement with the State.  On August 22, 2022, the District Court sentenced Powers to the Park County Detention Center for one year, all suspended, and imposed fines and fees totaling $175.

**STANDARD OF REVIEW**

¶6     This Court reviews "de novo the denial of a motion to dismiss in a criminal proceeding to determine whether the district court's conclusion of law is correct." *State v. Rich*, 2022 MT 66, ¶ 8, 408 Mont. 178, 507 P.3d 176 (citations omitted).  "We review a district court's discretionary rulings for abuse of discretion, considering whether the district court's decision is arbitrary and without conscientious judgment or if it 'so exceed[s] the bounds of reason as to work a substantial injustice.'" *State v. Mosby*, 2022 MT 5, ¶ 12,

3

407 Mont. 143, 502 P.3d 116 (quoting *State v. Giddings*, 2009 MT 61, ¶ 42, 349 Mont. 347, 208 P.3d 363).

## DISCUSSION

¶7    *Whether the District Court erred by denying Powers's motion to dismiss based on noncompliance with § 46-14-221, MCA.*

¶8    Powers argues that because the District Court failed to review her fitness to proceed within 90 days of its commitment order, the District Court was required to dismiss the matter pursuant to § 46-14-221, MCA.  In relevant part, § 46-14-221, MCA, states:

> The committing court shall, within 90 days of commitment, review the defendant's fitness to proceed.  If the court finds that the defendant is still unfit to proceed and that it does not appear that the defendant will become fit to proceed within the reasonably foreseeable future, the proceeding against the defendant must be dismissed.

Section 46-14-221(3)(a), MCA.

¶9    Powers argues: "Once the ninety-day statutory period expires, 'the State lack[s] the power to proceed further with criminal charges[,]' instead requiring the State to proceed with civil commitment proceedings."  In support of her argument, Powers cites *State v. Tison*, 2003 MT 342, ¶ 15, 318 Mont. 465, 81 P.3d 471 (citing *State v. Meeks*, 2002 MT 246, 312 Mont. 126, 58 P.3d 167).  In *Rich*, we overruled *Meeks* and *Tison* to the extent they suggested the 90-day deadline set a jurisdictional bar.  *Rich*, ¶ 16.  Powers's reliance on *Meeks* and *Tison* for that purpose is misplaced.

¶10    While Powers is correct that the plain language of § 46-14-221(3)(a), MCA, requires review of a defendant's fitness to proceed within 90 days of commitment, neither the plain language of § 46-14-221(3)(a), MCA, nor our precedent evaluating this procedure supports

4

her argument that failure to conduct that review within the prescribed period automatically compels dismissal of the criminal proceeding. Dismissal pursuant to § 46-14-221(3)(a), MCA, is required "[i]f the court finds that the defendant is still unfit to proceed and that it does not appear that the defendant will become fit to proceed within the reasonably foreseeable future." By its plain language, § 46-14-221(3)(a), MCA, requires an affirmative finding by the court regarding the defendant's fitness to proceed, and the defendant's likelihood of becoming fit to proceed within the reasonably foreseeable future. The 90-day time limit in § 46-14-221(3)(a), MCA, is intended to protect a defendant from "'languish[ing] indefinitely in a mental hospital with charges hanging over his [or her] head like the sword of Damocles.'" *Rich*, ¶ 19 (quoting *Tison*, ¶ 11). That objective is not advanced by incentivizing defense counsel's silence while their client languishes. Rather, the time limit imposes an obligation on all parties involved—the court, the State, and defense counsel—to ensure the process of determining a defendant's fitness moves along timely. *Rich*, ¶ 19 (explaining that "[a]s officers of the court, lawyers are obligated to keep the court from error without sacrificing their effective advocacy."). This is not to say that an unreasonable passage of time in this process cannot form the basis for dismissal of the criminal proceedings against a defendant who has been found unfit to proceed; but dismissal on that basis is pursuant to the provisions of § 46-14-222, MCA; not § 46-14-221, MCA, as Powers contends.

¶11 "Sections 46-14-221 and -222, MCA, prescribe the process a district court must follow when a defendant's fitness to proceed with trial is in question. Consistent with principles of statutory construction, we read the two statutes together." *State v. Gibson*,

5

2023 MT 109, ¶ 10, 412 Mont. 368, 531 P.3d 71 (citing *Mosby*, ¶ 23). Section 46-14-221, MCA, sets forth the process for determining a defendant's fitness to proceed and the procedures following that determination. Section 46-14-222, MCA, "create[s] a mechanism to resume a criminal case if the defendant regains fitness." *Mosby*, ¶ 25. Alternatively, the court may dismiss the charge if "the court is of the view that so much time has elapsed since the commitment of the defendant that it would be unjust to resume the criminal proceedings . . . ." Section 46-14-222, MCA.

¶12 Powers filed her motion to dismiss with prejudice on March 9, 2022. Twelve days later, while the criminal proceedings against her were still pending, the evaluators at MSH determined she was fit to proceed. Powers does not challenge that determination, only the timing of it. So, while Powers argues that § 46-14-221(3)(a), MCA, requires dismissal of the charge against her, § 46-14-222, MCA, requires that "the proceeding *must* be resumed [unless] the court is of the view that so much time has elapsed since the commitment of the defendant that it would be unjust to resume the criminal proceedings . . . ." Section 46-14-222, MCA. (Emphasis added.) In short, rather than reading §§ 46-14-221 and -222, MCA, together, which gives effect to each consistent with *Mosby* and *Gibson*, Powers's argument would create an irreconcilable conflict between the two statutes.

¶13 For purposes of determining if Powers is entitled to dismissal of the criminal proceeding against her, the actual issue for our consideration is whether, upon her regaining fitness to proceed, the pending criminal "proceeding must be resumed" as *required* by § 46-14-222, MCA, or whether she is entitled to dismissal because "the court is of the view that so much time has elapsed that resumption would be unjust," as *permitted* by

§ 46-14-222, MCA.  Powers did not argue for dismissal on that basis to the District Court, nor does she advance that argument on appeal.

**CONCLUSION**

¶14    The District Court did not err by denying Powers's motion to dismiss based on noncompliance with § 46-14-221, MCA.  Powers's conviction is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE